Joseph **HURN** and Rosie Lee Hurn, Plaintiffs,

v.

Leonard B. **SENDLEIN** and Arlyne M. Sendlein, Defendants.

No. 47272.

Missouri Court of Appeals, Eastern District, Division Two.

April 17, 1984.

Gary H. Lange, St. Louis, for appellants.

Stuart R. Berkowitz, St. Louis, for respondents.

CRIST, Presiding Judge.

In an action for fraud tried without a jury, the trial court entered judgment in

MFA policy would have applied. This was not so here.

plaintiffs' favor on March 25, 1983. Defendants timely filed a motion for new trial or, in the alternative, to amend the judgment on April 4, 1983. Rule 73.01.

On April 22, the trial court amended its March 25 judgment in accordance with defendants' motion and overruled the alternative motion for new trial. Rule 81.05 provides in part: "For the purpose of ascertaining the time within which an appeal may be taken, a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed. * * * In the event a motion for new trial is timely filed, the judgment becomes final at the expiration of ninety days after the filing of such motion or, *if such motion is passed on at an earlier date, then at the date of disposition of said motion.* Authorized after-trial motions shall be treated as, and as a part of, a new trial motion for the purpose of ascertaining the time within which an appeal must be taken and all such after-trial motions shall be disposed of at the same time." (Emphasis added).

The motion to amend the judgment in the present case was an authorized after-trial motion. Rule 73.01. Therefore, under Rule 81.05, when the trial court ruled on that motion, the judgment became final. The notice of appeal was not filed, however, until May 3, 1983, eleven days after the trial court disposed of the after-trial motion.

In Missouri, the timely filing of a notice of appeal is a prerequisite to appellate jurisdiction. Rule 81.04 states: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." Since Rule 81.05 made the judgment final on April 22, 1983, when defendants' motion to amend was ruled upon, and the notice of appeal was not filed until May 3, 1983, eleven days later, we lack jurisdiction to entertain this appeal.

Appeal dismissed.

PUDLOWSKI and SIMON, JJ., concur.