**Thomas KOHL, et al.,**
**Plaintiffs–Appellants,**

v.

**SAFECO INSURANCE COMPANY,**
**Defendant–Respondent.**

**No. 54180.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 7, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 6, 1988.

Application to Transfer Denied
Sept. 13, 1988.

Richard Fox, St. Louis, for plaintiffs-appellants.

David M. Duree, St. Louis, for defendant-respondent.

DOWD, Judge.

Insureds appeal from the judgment of the trial court declaring insurance company was not liable under automobile liability policy. Appellants' appeal is dismissed for failure to file a timely notice of appeal.[1]

■ For purposes of appeal a judgment becomes final thirty days after the entry of such judgment, if no timely motion for new trial is filed. Rule 81.05(a). If a motion for new trial is filed the judgment becomes final on the date of disposition of such motion or if not ruled upon, the judgment becomes final at the expiration of ninety days after the filing of such motion. Rule 81.05(a). A notice of appeal must be

filed not later than ten days after the judgment appealed from becomes final. Rule 81.04(a). In Missouri the timely filing of a notice of appeal is a prerequisite to appellate jurisdiction. *Hurn v. Sendlein,* 669 S.W.2d 283, 284 (Mo.App.1984).

■ We must consider our jurisdiction *sua sponte* even though neither party questions our jurisdiction. *Dunn v. Dunn,* 650 S.W.2d 638 (Mo.App.1983). In the present case, the trial court entered its judgment on October 15, 1987. Appellants filed a motion for new trial on October 30, 1987. The trial court overruled the motion on December 18, 1987. To be timely the notice of appeal should have been filed on or before December 28, 1987. Appellants did not file their notice of appeal until December 30, 1987. Thus, the notice of appeal is not timely.

Accordingly, the appeal is dismissed.

STEPHAN, P.J., and PUDLOWSKI, J., concur.

■

---

1. Nonetheless, we examined the case on the merits and concluded we would have affirmed the trial court's judgment.