**Ricky L. McGEE, Sr., Respondent,**

v.

**Calvin ALLEN, Appellant.**

No. 20451.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 14, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1996.

Calvin Allen, Springfield, pro se.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for respondent.

MONTGOMERY, Chief Judge.

Calvin Allen (Defendant) appeals from a judgment awarding Ricky L. McGee, Sr. (Plaintiff) actual damages in the amount of $18,500 and punitive damages in the amount of $6,499. The judgment, after recit-

---

ing the trial appearance of Plaintiff and his attorney, further states, "Defendant Calvin Allen, whose pleadings have previously been stricken for failure to respond to discovery, appears not." The appeal must be dismissed because Defendant's notice of appeal was untimely filed.[1]

Plaintiff filed his petition on December 1, 1994. Summarized, Plaintiff's petition alleged that Defendant, as Plaintiff's agent, was holding the sum of $18,500 which belonged to Plaintiff and which Defendant refused to return. Plaintiff also alleged that Defendant's conversion of Plaintiff's funds was willful, wanton, and malicious, thereby entitling him to punitive damages. Plaintiff prayed for his actual and punitive damages. Defendant's answer generally denied Plaintiff's allegations. Defendant also filed a counterclaim alleging breach of contract and a conspiracy to defame, slander, and libel his name and business.

The relevant proceedings as reflected in the docket sheets are paraphrased below in chronological order.

December 1, 1994 Plaintiff's petition and interrogatories served on Defendant.

January 24, 1995 Case set for trial on June 12, 1995, at 1 p.m. Plaintiff's attorney and Defendant are notified by mailing a copy of the docket sheet.

March 10, 1995 Plaintiff's motion for sanctions and motion to compel answers to interrogatories filed by Plaintiff.

March 20, 1995 Plaintiff appears by his attorney, and Defendant fails to appear although he was duly notified of hearing. The court sustains Plaintiff's motion to compel answers to interrogatories. Defendant is ordered to serve full and complete answers to interrogatories 5, 6, 7, and 8 within ten days from this date. Plaintiff's motion for sanctions is sustained as to Defendant's failure to timely

object or respond to Plaintiff's request for production of documents.[2] Defendant's pleadings will be stricken and a default judgment entered against him on Plaintiff's petition unless Defendant fully responds to Plaintiff's request for production of documents on or before March 30, 1995.

April 13, 1995 Court sets case for trial on June 12, 1995, at 10 a.m. in probate courtroom. Copy of docket entry mailed to Plaintiff's attorney and Defendant.

April 24, 1995 Case set for trial June 12, 1995, at 10 a.m. in the Greene County Extension Building instead of probate courtroom. "Copy to atty, party and Judge McBeth."

June 12, 1995 Case called. Plaintiff appears in person and with attorney. Defendant fails to appear and "is [in] default his pleadings being stricken for failure to provide answers to interrogatories. Petitioner presents evidence. Court grants judgment to Plaintiff...."

June 16, 1995 Formal judgment filed and entered.

July 7, 1995 Defendant's motion to vacate, set aside, and amend judgment filed.

August 9, 1995 Plaintiff appears in person and with attorney. Defendant appears in person and elects to proceed. Court hears argument. Court denies motion to set aside default judgment.

September 6, 1995 Notice of appeal is filed by Defendant.

Plaintiff filed a motion to dismiss this appeal claiming that Defendant untimely filed his notice of appeal. We took the motion with the case. The motion alleged that (1) under Rule 81.05(a)[3] the judgment became final on August 9, 1995, the date of disposition of Defendant's after-trial motion, (2) un-

---

**1.** Defendant appears *pro se* in this Court as he did in the trial court. Nevertheless, he must comply with the same procedural requirements as a party represented by counsel. *Sours v. Pierce*, 908 S.W.2d 863, 865 (Mo.App.1995).

**2.** The docket sheet fails to show when Plaintiff served Defendant with a Request for Production of Documents.

**3.** Rule references are to Missouri Rules of Court (1995). Subsequent to Defendant's appeal, Rule 81.05 was amended, effective July 1, 1996. This decision is based on the rule as written prior to the amendment.

der Rule 81.04(a) a notice of appeal must be filed not later than ten days after a judgment becomes final, and (3) Defendant's notice of appeal was filed more than ten days after August 9, 1995. As a consequence, Plaintiff urges that this Court has no jurisdiction and must dismiss the appeal.

 Plaintiff correctly states that a timely filing of a notice of appeal is a jurisdictional requirement. If a notice of appeal is untimely, this Court is without jurisdiction and must dismiss the appeal. *In re Marriage of Short*, 847 S.W.2d 158, 161 (Mo.App.1993).

In deciding if Defendant timely filed his notice of appeal, we first recognize that a notice of appeal must be filed not later than ten days after the judgment appealed from becomes final. Rule 81.04(a); *Kohl v. Safeco Ins. Co.*, 755 S.W.2d 314, 315 (Mo.App.1988).

 For purposes of appeal "a judgment becomes final at the expiration of thirty days after the entry of such judgment, if no timely motion for a new trial is filed." Rule 81.05(a). If a motion for new trial is filed, the judgment becomes final on the date of disposition of such motion or if not ruled upon, the judgment becomes final at the expiration of ninety days after the filing of such motion. Rule 81.05(a); *Kohl*, 755 S.W.2d at 315. Finally, under this rule an authorized after-trial motion is treated as a new trial motion for the purposes of ascertaining the time within which an appeal must be taken.

 Here, Defendant filed his motion to vacate and set aside the judgment based on the provisions of Rule 74.06(b)(1). According to *Taylor v. United Parcel Serv.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993), a motion requesting relief under Rule 74.06(a) and (b) is an "authorized after-trial motion" under Rule 81.05(a). Therefore, Defendant's motion is treated as a new trial motion in determining if his appeal was timely.

In this case, the trial court entered its judgment on June 16, 1995. Defendant filed his Rule 74.06(b) motion on July 7, 1995. This motion was overruled on August 9, 1995. To be timely, Defendant's notice of appeal should have been filed not later than ten days after August 9, 1995. Defendant did not file his notice of appeal within that time period. Thus, his notice of appeal is untimely. *See Hoey v. Royston*, 723 S.W.2d 929 (Mo.App.1987).

Plaintiff's motion to dismiss the appeal is granted. The appeal is dismissed.

CROW, P.J., and SHRUM, J., concur.