**Monival ALBRIGHT, Appellant,**

v.

**Sandra Ruth ALBRIGHT, Respondent.**

No. 71408.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 2, 1998.

Alice Kramer, Hillsboro, for appellant.

Joyce Platt, Hillsboro, for respondent.

JAMES R. DOWD, Judge.

Husband, Monival Albright, appeals from the Order dismissing his Petition for Declaratory Judgment. We dismiss the appeal.

Husband and Wife, Sandra Albright, married on August 25, 1962. Two children were born of the marriage. The parties separated on January 1, 1986. On February 2, 1987, the court entered a Decree of Dissolution which incorporated by reference the parties' Property Settlement Stipulation. On July 10, 1995, Husband filed a Petition for Declaratory Judgment and Motion to Modify. Count I asked the court to declare the provision in the Property Settlement Stipulation

providing for the maintenance of Wife's health insurance unenforceable. Count II asked the court to modify the decree so that Husband would no longer be obligated to provide health insurance for Wife. Wife moved to dismiss the counts. The court sustained her motion as to Count I and overruled it as to Count II. Husband then voluntarily dismissed Count II. Husband appeals from the Order dismissing his Petition for Declaratory Judgment. Because the trial court did not denominate its order a "judgment", we have no jurisdiction to address the merits of the appeal.

■ An aggrieved party may only appeal from a final judgment of the trial court. Section 512.020 RSMo 1994. A judgment is a writing signed by a judge and denominated as a "judgment". Rule 74.01(a). It must be clear from the body of the writing or from the docket entry that the trial judge has denominated the writing as a "judgment". *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo. banc 1997).

■ In the instant case, the trial court denominated its ruling as a "Memorandum". Further, there is nothing in the body of the writing or in the docket entries that suggest that the trial court denominated any document a "judgment". Thus, we conclude that the trial court did not enter a final judgment under Rule 74.01(a). Accordingly, we do not have jurisdiction to review the merits of Husband's appeal.

The appeal is dismissed.

CRANE, P.J., and RHODES RUSSELL, J., concur.