**Evan WALLER, et al.,**
**Plaintiffs/Appellants,**

*v.*

**YMCA OF GREATER ST. LOUIS**
**and Corey Rogers, Defen-**
**dants/Respondents.**

**No. ED 82924.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 4, 2003.

Evan Waller, Jamarc Waller, Irma Chavis, Sharolynne Y. Wallers, St. Louis, pro se.

Gilbert Newton Beckemeier, Sandbert, Phoenix & Von Gontard, St. Louis, MO, for respondent, YMCA.

Harold L. Whitfield, St. Louis, MO, for respondent, Corey Rogers.

SHERRI B. SULLIVAN, Chief Judge.

On November 27, 2001, the trial court entered a judgment approving a settlement of Plaintiffs' Petition for Damages and Personal Injury. The original plaintiffs on the Petition for Damages were two minors and their mother as next friend. Prior to the trial court entering the judgment on Plaintiffs' Petition for Damages, the court granted Defendants' Motion to Disqualify the mother as next of friend. The trial court then appointed a guardian *ad litem* for the purpose of prosecuting the claims of the two minor plaintiffs. Subsequently, the two minor plaintiffs petitioned the trial court to appoint their maternal grandmother as next friend. The record

does not show that the trial court ruled on this motion.

On November 26, 2002, Appellants filed a Petition for Relief from the November 27, 2001 judgment pursuant to Rule 74.06(b).[1] The plaintiffs on the Petition for Relief were the two minors and their mother. On December 19, 2002, Defendants filed a Memorandum in Opposition to the Petition for Relief, raising, among other issues, that the mother does not have standing to bring the Petition for Relief as she was not a party to the November 27, 2001 judgment.[2] Subsequently, Mother filed a memorandum in opposition to Defendants' memorandum, to which Defendants' filed an Amended Memorandum in Opposition to the Petition for Relief.

On January 9, 2003, the trial court held a hearing on the Petition for Relief, at the end of which the court granted the mother an additional ten days to respond to Defendants' Amended Memorandum in Opposition to the Petition for Relief. After which, the court would "rule in due course." On January 17, 2003, the two minor plaintiffs filed a Motion for Appointment of Next Friend requesting that the trial court appoint their maternal grandmother as their next friend and an Amended Petition for Relief. The record does not show that the trial court ruled on the motion or the petition.

On April 25, 2003, Appellants filed their notice of appeal.[3] In a Jurisdictional Statement attached to the notice of appeal, Appellants stated that "in excess of ninety (90) days has passed since the date of filing of Plaintiffs' Motion and Petition for Relief filed on January 17, 2003 and the Circuit Court Judge has not entered an Order disposing of the issues raised. . . ." Presumably, Appellants believed that the Petition for Relief had been deemed denied pursuant to Rule 81.05(a). Subsequently, we issued an order to show cause why the appeal should not be dismissed without prejudice for lack of an appealable judgment. No response has been filed.

The Petition for Relief is an independent action filed pursuant to Rule 74.06(b) after the underlying judgment became final[4] and upon which the trial court must enter a separate, appealable judgment. *See Yanuzzi v. Director of Revenue*, 14 S.W.3d 618, 620 (Mo.App. E.D.1999); *see also Popular Leasing USA, Inc. v. Universal Art Corp. of New York*, 57 S.W.3d 875, 878 (Mo.App. E.D.2001). As such, the Petition for Relief is not deemed denied after 90 days pursuant to Rule 81.05(a). Accordingly, because the Petition for Relief is still pending in the trial court, no judgment has been entered from which an appeal may be taken. The appeal is dismissed without prejudice.

LAWRENCE E. MOONEY, J., and GEORGE W. DRAPER III, J., concur.

---

1. All rule references are to Mo. R. Civ. P.2003, unless otherwise indicated.

2. We do not address the standing issue as we dismiss the appeal on other jurisdictional grounds.

3. We note that Appellants cannot directly appeal from the November 27, 2001 judgment as the time for appealing that judgment has passed. *See* Rules 81.04, 81.05, and 81.07.

4. The November 27, 2001 judgment became final thirty days after its entry. *See* Rule 81.05(a)(1).