Terry W. DIXON and Cynthia
Crossland, Plaintiffs–
Respondents,

v.

Thomas D. THOMPSON, Defendant–
Appellant.

No. 27529.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 20, 2007.

Motion for Rehearing or Transfer to
Supreme Court Denied Sept. 6, 2007.

Application for Transfer Denied
Oct. 30, 2007.

Craig F. Lowther, C. Matthew Towns, Lowther Johnson, Springfield, appellant.

David A. Cole, Ellis, Cupps and Cole, P.C., Cassville, for respondent Dixon.

J. Michael Riehn, Cassville, for respondent Crossland.

JOHN E. PARRISH, Judge.

Thomas D. Thompson (defendant) appeals a judgment quieting title to certain

1. Defendant had filed no answer nor entered

real estate that was sold at a Barry County tax sale on August 23, 2004, to Terry W. Dixon and Cynthia Crossland (plaintiffs). Plaintiffs received a collector's deed to the property on August 23, 2005. Judgment was entered in the Circuit Court of Barry County on November 22, 2005, quieting title to the property in plaintiffs.[1] The judgment declared that defendant, his heirs, grantees, devisees, consorts, successors and assigns had no right, title, or interest to that property. Defendant filed a motion to set aside the judgment December 9, 2005, and, on December 20, 2005, an amended motion to set aside the judgment. The trial court entered the following order, filed January 20, 2006, denying defendant's motion.

### ORDER

This matter comes on from advisement, the matter of Defendant, Thomas D. Thompson's Motion To Set Aside Judgment having been tried to the Court on the record on the 21st day of December 2005 at which time the Defendant, Thomas D. Thompson appeared in person and with his attorney, Craig Lowther, the Plaintiffs appeared by Plaintiff, Terry W. Dixon, in person and with their attorneys, David Cole and Michael Riehn, and the Guardian ad Litem, Robert Foulke, appeared in person. Evidence was adduced on behalf of the Defendant, Thomas D. Thompson, and the Plaintiffs. Plaintiffs and Defendant were granted until January 10, 2006 to file written suggestions and any responses at which time the matter was considered submitted.

The Court after carefully considering the testimony and credibility of the witnesses, the trial exhibits as well as Defendant Thomas D. Thompson's Sugges-

an appearance in the case.

tions and Plaintiffs' Post Hearing Brief and after carefully considering Supreme Court Rule 74.05(d), denies Defendant Thomas D. Thompson's Motion to Set Aside Judgment.

This order shall become effective for appeal purposes on January 25, 2006. **SO ORDERED ON THIS 20TH DAY OF JANUARY 2006.**

/s/ *Carr L. Woods*

**CARR L. WOODS–JUDGE**

Defendant filed Notice of Appeal February 3, 2006.

On March 20, 2007, this court issued an opinion dismissing defendant's appeal on the basis that the notice of appeal was not timely filed. The case was thereafter transferred to the Supreme Court. On July 3, 2007, that court retransferred the case by order stating:

In this case, the trial court issued an order on January 20, 2006, overruling [defendant's] motion to set aside judgment. The order stated it was to become "effective for appeal purposes on January 25, 2006."

Under Rule 81.05(a)(2)(B), a judgment becomes final on the "date of ruling" of the last after-trial motion. In this case, the trial court expressly stated the date of ruling—January 25, 2006. January 25, 2006, is within the time over which the court retained jurisdiction of the after-trial motion and is the "date of ruling" for purposes of Rule 81.05.

The motion by which defendant sought to set aside the judgment was entitled "Amended Verified Motion to Set Aside Judgment for Fraud and Defective Service of Process." It sought, "pursuant to Rule 74.06(b)," to set aside the November 22, 2005, judgment "for the reason that said

**2.** "A judgment is a writing signed by a judge and denominated as a 'judgment.' Rule

judgment was obtained through fraud" and, in the alternative, "for the reason of mistake, inadvertence, surprise or excusable neglect," and "for the reason of improper service of process pursuant to Rule 54.12." This court reverses the order denying defendant's motion to set aside the judgment quieting title in plaintiffs. The case will be remanded with directions that the judgment quieting title be set aside and for new trial.

*Point I*

■ Point I argues that the trial court erred in denying defendant's motion to set aside the judgment in question because the motion stated sufficient bases for relief pursuant to Rule 74.05. Rule 74.05 allows a trial court to set aside a default judgment upon the showing of good cause and a meritorious defense. *See* Rule 74.05(d). Although defendant did not file an answer in this case, the judgment that was rendered was not based solely on plaintiffs' pleadings. Evidence was presented when the case was called before the trial court. Arguably, in that circumstance, an appeal would be treated as if an answer had been filed and, therefore, a motion to set aside the judgment would not be governed by Rule 74.05. *See Weidner v. Anderson,* 174 S.W.3d 672, 679–80 (Mo.App.2005).

■ Regardless, a determination made on the basis of Rule 74.05(d) is an independent action. *In re Marriage of Coonts,* 190 S.W.3d 590, 603–04 (Mo.App. 2006). It requires an independent judgment for purposes of appeal. *Id.* The order the trial court entered denying defendant's motion to set aside the judgment was not denominated a "judgment" or "decree," *see* Rule 74.01(a), and is, therefore, not an independent judgment.[2]

74.01(a). It must be clear from the body of the writing or from the docket entry that the

Point I asserts trial court error in denying relief on the basis of Rule 74.05. Because the trial court's determination regarding the applicability of Rule 74.05 is not an independent judgment, it is not subject to appellate review. Point I is dismissed.

## Point II

Point II asserts that the trial court erred in denying defendant's motion to set aside the judgment because it "was obtained by fraud, was void for lack of jurisdiction and improper service of process, and must otherwise be set aside under Rule 74.06." Defendant argues that the notice requirements for obtaining a collector's deed were not satisfied by plaintiffs and that plaintiffs fraudulently represented that defendant could not be personally served.

■■ Point II does not comply with Rule 84.04(d)(1)(C). It does not explain in summary fashion in what manner notice requirements for receiving a collector's deed were not satisfied by plaintiffs, or in what manner plaintiffs were fraudulent in securing service of process by publication. Further, by including more than one claim of error as part of Point II, it is multifarious. Points containing multifarious allegations of error do not comply with Rule 84.04. *Atkins v. McPhetridge,* 213 S.W.3d 116, 120 (Mo.App.2006). To the extent, however, that this court can discern the bases for defendant's claims of non-compliance with notice requirements and requirements for service by publication, it will exercise its discretion to decide Point II on the merits. *See Id. See also Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647 (Mo.banc 1997).

This court's understanding of what defendant contends with respect to Point II is that (1) the judgment rendered in favor of plaintiffs was obtained by fraud in that plaintiffs failed to give the requisite notice that § 140.405[3] requires in order to receive a collector's deed; and (2) plaintiffs secured service of process by publication in this case by means of fraudulent representation that defendant's address was not known.

Defendant's claim that service of process by publication was based on improper or insufficient representation by plaintiffs is reviewable under Rule 84.13(d). The trial court's determination that service by publication was proper is supported by substantial evidence and is not against the weight of the evidence. No error of law appears with respect to that determination. Further discussion would have no precedential value; therefore, the part of Point II directed to service of process is denied in compliance with Rule 84.16(b).

■ The part of defendant's motion to set aside the judgment that was directed to the notice requirements for obtaining a collector's deed alleged that defendant was a resident of Iowa; that he owned the real estate plaintiffs bought at the tax sale. The motion alleged that the tax deed given to plaintiffs "was void, because notices required by Section 104.050[sic], RSMo .... did not conform to the requirements of that statute, for reasons including but not limited to failure to send such notices to Defendant's last know address." Defendant argued that plaintiffs made no good faith effort to obtain defendant's last known available address; that plaintiffs were familiar with "the persons of the

trial judge has denominated the writing as a 'judgment'. *City of St. Louis v. Hughes,* 950 S.W.2d 850 (Mo.banc 1997)." *Albright v. Albright,* 969 S.W.2d 855, 856 (Mo.App.1998).

3. References to statutes are to RSMo 2000.

Defendants [sic] and had affirmative knowledge of their [sic] possession and ownership of the Property and knew their [sic] actual address." Other allegations were that plaintiff Terry Owens had observed defendant at the property previously; that plaintiffs knew where defendant lived.

This court infers from the nature of defendant's claim that the statute to which Point II alluded was intended to be § 140.405. Section 104.050 that is set forth in defendant's motion does not appear applicable to issues that were before the trial court in the underlying action. Section 140.405 requires persons purchasing property at a delinquent land tax auction to give certain notices before being permitted to acquire a deed to that real estate. It requires "[a]t least ninety days prior to the date when a purchaser is authorized to acquire the deed, the purchaser shall notify any person who holds a publicly recorded ... claim upon that real estate of the latter person's right to redeem such person's publicly recorded ... claim." The statute requires notice to "be sent by certified mail ... at such person's last known available address."

*Bullard v. Holt*, 158 S.W.3d 868 (Mo. App.2005) addressed the requirement imposed by § 140.405.

In order to satisfy the statutory requirement that notice be given to the owner at the "last known available address," we hold that the purchaser must use due diligence to notify the owner at the last known "available" address. What that means is that the word "available" in section 140.405 encompasses the concept that reasonable efforts should be used to notify the owner that someone else is claiming an interest in the property. We acknowledge that due dil-

igence will be a factual question that varies from case to case, . . . .

*Id.* at 871.

Plaintiff Terry Dixon testified at the hearing in his quiet title action that defendant, "his heirs, grantees, devises [sic], successors, consorts or assigns" were unknown to him. He stated that he had no idea of their whereabouts.

Defendant testified at the hearing on his motion to set aside the quiet title judgment. He was a 29–year–old school teacher at the time of the hearing. He resided at Union Star, Missouri. He acquired title to the real estate in 1995, about the time he graduated from high school. He graduated from college in 2000 and 2002, having received two undergraduate degrees, the last one a "teaching degree."

In 2003, defendant began full time employment as a teacher at Union Star. When he first began teaching at Union Star, he lived there during the week with a friend and returned to his parents' home in Iowa or to his girlfriend's residence in Maryville, Missouri, on weekends. Defendant spent six years at Northwest Missouri State University prior to his employment at Union Star. Prior to attending college, defendant lived with his parents in Truro, Iowa, except for a few years in high school when he lived on a cattle farm at Hatfield, Missouri.

Defendant's father, Vern Thompson, paid bills associated with the Barry County property. The bills were sent to defendant's parents' address. In 1999, tax statements from Barry County were sent to an address other than his parents' home in Iowa. Defendant's mother prepared a letter which defendant signed transmitting a check in payment of three tax statements. The letter requested that defendant not be assessed penalties for nonpayment stating that the reason the taxes were not timely paid was that "the tax

receipt [sic] was sent to an incorrect address and was never forwarded to [defendant]." Defendant requested the tax records be changed to reflect the "correct address" as 3273 Terrace Ave., Truro, IA 50257. The copy of the letter that was admitted in evidence was undated. Bills from the homeowners' association were also sent to the Iowa address. There was evidence that plaintiff Terry Dixon had been active in the management of that association.

By letter dated January 11, 2001, the county collector advised Mr. Thompson that she was returning his tax statements to him; that she was required to assess late penalties on his unpaid 1999 taxes. She returned the check he had sent and advised him that if he would send "a new check for $1,050.31 by Jan. 19" there would be no additional penalties.

Janice Varner was the Barry County Collector of Revenue at the time of the hearing on defendant's motion. She took office as county collector March 1, 2003. She told the trial court that her office's personal property records reflected the Iowa address for Thomas Thompson's address. The real estate records had a Hatfield, Missouri, address. The notice of deficiency for the real estate taxes had been sent to the Hatfield, Missouri, address. Ms. Varner's office had no procedure by which addresses for personal property and addresses for real property could be cross-referenced to ascertain whether individuals whose names were on the two sets of records were the same.

Defendant's father, Vern Thompson, told the trial court that he had lived at Rural Rt. 1, Box 98, Hatfield, Missouri, before returning to his Iowa address in 2000. He had received a notice of change of assessed value of the Barry County real estate at the Hatfield, Missouri, address before he returned to the Iowa location.

After he returned to Iowa, he received personal property tax statements addressed to his son at the Iowa address.

There was evidence that plaintiff Terry Dixon had observed defendant at the subdivision in which the real estate is situate, although defendant stated he had never been introduced to Dixon. Defendant told of swimming at a subdivision dock on Memorial Day 2005 with the woman to whom he is now married; that Mr. Dixon drove by in his boat and waved. Defendant also told about being at the property in July 2005 and working with others building a deck; that he saw Mr. Dixon drive by in a red SUV. Defendant said he also had an encounter with Mr. Dixon the evening of July 4, 2004. Defendant had been on a dock at the subdivision with three others. Defendant said Mr. Dixon approached them about noise they were making; that Dixon asked who defendant was with. Defendant told Dixon that he had a place there; that he had a right to be on the docks.

Ms. Dee Lawson, who had been engaged to sell the property by defendant's father, said that plaintiff Terry Dixon contacted her after her for-sale sign was placed on the property; that he asked for information about the "owner." This did not occur until after plaintiffs acquired the collector's deed. Ms. Lawson listed the property November 21, 2005, almost three months after plaintiffs received the collector's deed.

Plaintiffs called one witness at the evidentiary hearing on defendant's motion to set aside the judgment. Plaintiffs called Janice Thomas, a real estate agent. Ms. Thomas was employed by Tri–States Realtors, Shell Knob, Missouri. She had been employed there since sometime in 2002. She owned property in Crestwood West subdivision, the same subdivision in which the property in question was located. She was familiar with that property.

She saw a yard sign at the property that said it was for sale. The sign had a telephone number that Ms. Thomas called. She was not successful in reaching anyone at that number. She said the number had either been disconnected or was not a working number.

Ms. Thomas told the trial court what she did to try to contact defendant. Ms. Thomas went to the county collector's office for Barry County and checked tax records in an effort to determine who owned the property. She obtained an address at Hatfield, Missouri. Ms. Thomas sent a letter to that address. The letter was returned indicating no one was at the address and with no forwarding address. Sometime later, Ms. Thomas was contacted by someone purporting to own the property. She did not identify who contacted her. She stated she did not know how he reached her. She was asked to go to the property; to meet with him and his wife and give an estimate of its value. She did so but did not receive a listing for the property.

Ms. Thomas was asked if the persons she saw at the property provided any information as to how she could contact them. She said she was given a fax number; that she tried to use it but "[i]t didn't work." Ms. Thomas was asked if she had been told the owner lived in Truro, Iowa. She said she was not told that. There was no evidence, however, that plaintiffs had been aware of Ms. Thomas' efforts to locate defendant prior to their request for and receipt of the collector's deed for the property.

The record does not reveal that plaintiffs made reasonable efforts to obtain defendant's last known available address. Plaintiffs thereby failed to use due diligence to notify defendant of his right to redeem the property purchased at the delinquent land tax auction as required by § 140.405. The part of Point II directed to failure to comply with the notice requirement of that statute is granted. The record is silent as to any attempts by plaintiffs to determine defendant's address prior to plaintiffs' receipt of the tax deed to the property.

### Point III

Point III complains that the trial court erred in addressing Rule 74.05 in denying defendant's motion to set aside the judgment because the relief defendant sought was based on Rule 74.06. The determination of this appeal is based on Rule 74.06. Point III is moot.

### Disposition

The order denying defendant's motion to set aside the judgment is reversed. The case is remanded with directions that the motion be granted and for a new trial.

RAHMEYER, P.J., and SCOTT, J., concur.

## ON MOTION FOR REHEARING OR APPLICATION FOR TRANSFER TO SUPREME COURT

PER CURIAM.

Respondents' Motion for Rehearing indicates the belief that the foregoing opinion "goes to the merits of the judgment." This opinion directs the trial court to grant the motion for new trial and, thereupon, to proceed with the case. The determination of the case on its merits is left to the sound discretion of the trial court based on the evidence it may hereafter receive. Respondents' Motion for Rehearing and Application to Transfer are denied.