**THE BANK, Plaintiff–Respondent,**

**v.**

**Dean LESSLEY individually, and as Personal Representative of the Estate of Marilyn Lessley, Defendants–Appellants.**

No. 28242.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 6, 2007.

Glenn Patrick Green, Springfield, MO, for Appellant.

Mark A. Fletcher, Springfield, MO, for Respondent.

JEFFREY W. BATES, Judge.

Dean Lessley, both individually and in his capacity as personal representative of the Estate of Marilyn Lessley (hereinafter collectively referred to as "Defendants"), sought to appeal from a judgment entered in favor of The Bank (Bank). Because Defendants' notice of appeal was untimely, this Court lacks jurisdiction and must dismiss the appeal.

In October 2002, Bank sued Dean Lessley and his wife, Marilyn Lessley, to recover on a loan guaranty agreement. After suit was filed, Marilyn died. Lessley was appointed as personal representative of Marilyn's estate and substituted as a party defendant in her stead. In December 2002, Defendants filed an answer and counterclaims against Bank.

On March 22, 2005, the court scheduled the case for a bench trial commencing on July 21, 2005. On April 6, 2005, the court held a hearing on Bank's motion to compel discovery. Defendants appeared at the hearing *pro se* and were granted 30 days to respond to Bank's second request for production of documents. On May 6, 2005, Bank filed a motion for sanctions. The motion requested that Defendants' answer and counterclaims be stricken and that judgment be entered against them as a sanction for failing to respond to Bank's second request for production. The court held a hearing on the motion on May 10, 2005. Although Defendants were served with a notice of the hearing, they failed to appear. The court granted the motion for sanctions and indicated its intention to enter a judgment for Bank.

On May 20, 2005, Defendants filed a motion to set aside that ruling. Although not explicitly so stating, the motion appears to have been based upon Rule 74.05(d) because it alleged that Defendants had a meritorious defense and good cause for not responding to Bank's discovery request.[1] After conducting a hearing, the court denied the motion. On August 1, 2005, judgment was entered against Defendants in the amount of $794,271.78, and their counterclaims were dismissed with prejudice.

On August 26, 2005, Defendants filed a document denominated "Defendants' Motion to Reconsider and Set Aside Final Judgment." Once again, the motion cited no particular Supreme Court rule authorizing such relief. The allegations of the motion, however, suggest that it was based upon Rule 74.05(d) and Rule 74.06(b) because it alleged that Defendants had a meritorious defense and good cause for not responding to discovery requests and that their failure to appear at the sanctions hearing was the result of excusable neglect.

This motion lay dormant for the next 14 months. On October 26, 2006, Defendants noticed up their motion for a hearing. The motion was argued to the court on Novem-

---

1. All references to rules are to Missouri Court Rules (2005).

ber 8, 2006. On November 20, 2006, Defendants filed suggestions in support of their motion. Defendants argued that the judgment should be set aside pursuant to Rule 74.05(d), Rule 74.06(b) and Rule 74.06(d). The court denied the motion on December 5, 2006. Defendants' notice of appeal was filed on January 12, 2007.

■ Bank has filed a motion to dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed. This Court has no appellate jurisdiction in the absence of a timely filed notice of appeal. *In the Estate of Standley,* 204 S.W.3d 745, 750 (Mo.App.2006); *In the Estate of Forhan,* 149 S.W.3d 537, 542 (Mo.App.2004). After reviewing the record, we agree that Defendants' notice of appeal was untimely and that their appeal must be dismissed for the following reasons.

The judgment from which Defendants seek to appeal was entered on August 1, 2005. *See* Rule 74.01(a).[2] A notice of appeal must be filed within 10 days after a judgment becomes final. Rule 81.04(a). Finality of a judgment for the purpose of appeal is governed by Rule 81.05. In pertinent part, this rule states:

(a) **Finality as Affected by After–Trial Motions.** For the purpose of ascertaining the time within which an appeal may be taken:

(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.

(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:

(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or

(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

(3) The filing and disposition of such motions has the same effect on time for appeal in all cases whether or not the motion has any function other than to seek relief in the trial court.

Rule 81.05(a). The list of authorized after-trial motions includes a motion seeking relief from a judgment pursuant to Rule 74.06(b). *See Taylor v. United Parcel Serv., Inc.,* 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993); *Dixon v. Thompson,* 235 S.W.3d 568, 570 (Mo.App.2007); *McGee v. Allen,* 929 S.W.2d 278, 280 (Mo.App.1996).

■ Defendants' motion to set aside the judgment was filed on August 26, 2005, which was within the 30–day time period allotted for filing after-trial motions. *See* Rule 78.04. The motion included allegations that appeared to rely upon excusable neglect as a reason for setting aside the judgment, and Defendants specifically cited Rule 74.06(b) in their suggestions supporting the motion. Therefore, this authorized after-trial motion delayed the finality of the judgment. *See* Rule 81.05(a)(2). Nevertheless, the trial court failed to rule on the motion within 90 days thereafter. Accordingly, the motion was automatically overruled on November 24, 2005. *See* Rule 81.05(a)(2)(A). To be timely, Defendants' notice of appeal had to be filed by December 5, 2005. *See* Rule 81.04; Rule 44.01(a); *McGee,* 929 S.W.2d at 280. Be-

---

**2.** In pertinent part, this rule provides that "[a] judgment is rendered when entered. A judgment is entered when a writing signed by the judge and denominated 'judgment' or 'decree' is filed."

cause no timely notice of appeal was filed, this Court lacks appellate jurisdiction. *Standley*, 204 S.W.3d at 750.

To avoid dismissal, Defendants deny that their motion to set aside the judgment was an after-trial motion governed by Rule 81.05(a)(2). Instead, Defendants argue that what they filed after entry of judgment should be treated either as a motion seeking relief from a default judgment pursuant to Rule 74.05(d) or as an independent action to set aside the judgment pursuant to Rule 74.06(d). We will address each argument in turn.

■ In advancing the first argument, Defendants correctly note that a motion to set aside a judgment pursuant to Rule 74.05(d) is treated as an independent action. Consequently, such a motion is not automatically overruled 90 days after the judgment is entered pursuant to Rule 81.05(a)(2)(A). *See In re Marriage of Coonts*, 190 S.W.3d 590, 603–04 (Mo.App. 2006); *LaRose v. Letterman*, 890 S.W.2d 347, 349 (Mo.App.1994); *Clark v. Brown*, 794 S.W.2d 254, 256 (Mo.App.1990). Defendants' assumption that they had a default judgment entered against them, however, is in error. The judgment in the case at bar was entered pursuant to Rule 61.01 because Defendants failed to comply with a discovery order. When judgment is entered as a sanction after striking a party's pleading for failure to obey a discovery order, it is treated as a judgment upon trial by the court and not as a default judgment. *Treetop Village Property Owners Ass' n v. Miller*, 139 S.W.3d 595, 600 (Mo.App.2004); *Scott v. LeClercq*, 136 S.W.3d 183, 193 (Mo.App.2004); *DuPont v.*

*Bluestein*, 994 S.W.2d 96, 97 (Mo.App. 1999). As the western district of this Court explained in *State ex rel. Eddy v. Rolf*, 145 S.W.3d 429 (Mo.App.2004):

> Rule 74.05, which governs default judgments, is not applicable to a judgment resulting from the imposition of sanctions. "A 'default judgment' imposed as a sanction under the rules of discovery is not governed by Rule 74.05 because it is not a true default judgment." Instead, the remedy is imposed on the presumption that no merit exists in asserted defenses or claims in light of the failure to produce information. Thus, the judgment does not come by default in the ordinary sense and is treated as a judgment upon trial by the court. Consequently, the procedure of Rule 74.05(d) does not govern a motion to set aside a judgment of default entered as a sanction for failure to give discovery.

*Id.* at 433 (internal citations omitted); *Burleson v. Fleming*, 58 S.W.3d 599, 604 (Mo.App.2001). Therefore, Rule 74.05(d) has no application to the case at bar, and Defendants may not rely upon that rule in seeking to have the judgment against them set aside.[3]

■ Defendants also argue that their August 2005 motion should be treated as an independent action in equity initiated pursuant to Rule 74.06(d). Assuming, without so deciding, that Defendants are entitled to rely upon this rule under the circumstances presented, we are still constrained to dismiss their appeal. When a Rule 74.06 motion is treated as an independent action, that action must be concluded by its own, independent judgment in order

---

**3.** Ironically, even if Defendants were entitled to rely upon this rule, that fact would not assist them in avoiding dismissal of this appeal. Because a Rule 74.05(d) motion is treated as an independent action, the determination of that action must be concluded by its

own, independent judgment in order to be appealable. *Dixon v. Thompson*, 235 S.W.3d 568, 570 (Mo.App.2007). The trial court denied Defendants' post-judgment motion by an order contained in a docket entry, which is not appealable. *Id.* at 570–71.

to be appealable. *See Waller v. YMCA of Greater St. Louis,* 120 S.W.3d 277, 278 (Mo.App.2003); *Yanuzzi v. Director of Revenue,* 14 S.W.3d 618, 620 (Mo.App. 1999). Any appeal lies from the judgment disposing of the motion, rather than the underlying judgment that is being attacked. *See Baxi v. United Technologies Automotive Corp.,* 122 S.W.3d 92, 95 (Mo. App.2003).[4] The trial court denied Defendants' post-judgment motion by an order contained in a docket entry, which is not appealable. *See Waller,* 120 S.W.3d at 278.

Defendants' appeal is dismissed for lack of appellate jurisdiction.

PARRISH, P.J., and SCOTT, J., Concur.

---

**4.** These cases are consistent with the proposition that, by adopting Rule 74.01, it is our Supreme Court's intention "to require that the trial court designate every appealable order a 'judgment' or 'decree' even if the order is not equivalent to a judgment in the traditional sense of the word." *Dempsey v. Shelter General Ins. Co.,* 199 S.W.3d 896, 898 (Mo. App.2006). *See Spiece v. Garland,* 197 S.W.3d 594, 595 (Mo. banc 2006); *Brooks v. Brooks,* 98 S.W.3d 530, 531–32 (Mo. banc 2003).