

# Missouri Court of Appeals
### Southern District
#### Division Two

| | | |
|---|---|---|
| BOBBY LEE JAMES, | ) | |
| | ) | |
| Movant-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33883 |
| | ) | |
| STATE OF MISSOURI, | ) | December 14, 2015 |
| | ) | |
| Respondent-Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF POLK COUNTY

#### Honorable John Porter, Associate Circuit Judge

#### REVERSED AND REMANDED WITH DIRECTIONS

Bobby Lee James ("Movant") appeals the motion court's order dismissing his Rule 24.035 motion for post-conviction relief.[1] Finding that the motion court failed to conduct an independent inquiry into whether Movant was abandoned by appointed counsel, we reverse and remand with directions to conduct such an inquiry and then proceed accordingly.

### **Factual and Procedural Background**

Movant pleaded guilty to the class A felony of child molestation in the first degree, *see* section 566.067, on May 16, 2014.[2] He was sentenced as a predatory sexual offender, in

---

[1] References to rules are to Missouri Court Rules (2015).
[2] References to statutes are to RSMo Cum.Supp. 2013.

1

accordance with section 558.018, to serve eighteen years in the Department of Corrections ("DOC") and delivered to the DOC on May 21, 2014. Movant did not appeal his conviction.

On October 29, 2014, Movant timely filed his *pro se* Rule 24.035 motion for post-conviction relief. The motion court appointed the "Public Defender" to represent him on November 19, 2014; attorney Stuart Huffman entered his appearance "as counsel for Movant" on December 16, 2014.

On January 14, 2015, the motion court held a case review. Neither Movant nor his counsel appeared. The motion court made a docket entry that the case was "placed on inactive docket per local rule [37.1] for failure to appear/prosecute the action." A "notice of inactive docket[,]" dated January 20, 2015, addressed to the prosecuting attorney and Movant's attorney Huffman, states that Movant's "action was placed on the Inactive Docket by Local Rule 37.1 on the 14TH day of JANUARY, 2015[,] and will be automatically dismissed, without prejudice, on the **16-MAR-2015**." The notice further provides: "Dismissals pursuant to this rule shall be automatic, upon the expiration of the time period herein set without further action by the Court." A docket entry dated January 20, 2015, indicates that a dismissal hearing was scheduled for March 16, 2015.

According to the docket sheet in Movant's underlying criminal case (the "trial court"), an order for a "Sound Recording Transcript[,]" presumably of Movant's plea and sentencing hearing, was "emailed" by a court clerk to "OSCA transcribing service" on February 3, 2015.

On March 16, 2015, the motion court by order in the docket sheet dismissed Movant's motion without prejudice. The transcript of Movant's plea and sentencing hearing was filed in the trial court on March 30, 2015. On April 13, 2015, attorney Stephen J. Harris entered his appearance on behalf of Movant by filing a motion alleging that attorney Huffman had

abandoned Movant by not taking any action since Huffman's December 16, 2014 entry of appearance and praying that the motion court "reinstate this cause[.]" Attorney Ellen Flottman entered her appearance on behalf of Movant on April 23, 2015, by filing in the motion court a notice of appeal to this Court.[3]

In his appeal, Movant contends in his sole point relied on that the motion court clearly erred when it dismissed his Rule 24.035 motion because "he was abandoned by post-conviction counsel . . . in that the record showed that motion counsel . . . did not perform his required duties under Rule 24.035 because he did not file an amended motion[.]" The State contends that "[t]his Court should remand this case to determine whether [Movant] was abandoned by his postconviction counsel."

## Discussion

Preliminarily, and regardless of any claims made by Movant on appeal, we are compelled to *sua sponte* examine the record to determine whether Movant's *pro se* motion for post-conviction relief was timely filed, *see **Dorris v. State***, 360 S.W.3d 260 (Mo. banc 2012), and if so, whether appointed counsel complied with the requirements of Rule 24.035(e) to file a timely amended motion or file a statement in lieu thereof, *see **Moore v. State***, 458 S.W.3d 822, 827 (Mo. banc 2015) (Fisher, J., concurring).

Rule 24.035(b) provides that where, as here, no appeal of the judgment or sentence is taken, a movant's *pro se* post-conviction motion, "shall be filed within 180 days of the later of: (1) The date the person is delivered to the custody of the department of corrections; or (2) The date the new judgment or sentence was final for purposes of appeal." Rule 24.035(b). Movant

---

[3] The notice of appeal was accompanied by the filing of a motion for an order allowing appeal as a poor person, which the motion court sustained by order dated April 27, 2015.

was sentenced on May 14, 2014, and the judgment of conviction was entered on that day.[4]

Movant's *pro se* Rule 24.035 motion for post-conviction relief was filed in the motion court 168 days later, on October 29, 2014. Therefore, using the earliest possible date to commence the 180-day period as provided in Rule 24.035(b), Movant's *pro se* motion was timely filed.

After counsel is appointed to represent a movant in a post-conviction proceeding, appointed counsel's failure to timely file an amended motion "can constitute 'abandonment' of the movant." ***Moore***, 458 S.W.3d at 825. *See also* ***Sanders v. State***, 807 S.W.2d 493, 494-95 (Mo. banc 1991).

> "Abandonment occurs when (1) post-conviction counsel takes no action on a movant's behalf with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner."

***Taylor v. State***, 254 S.W.3d 856, 858 (Mo. banc 2008) (quoting ***Barnett v. State***, 103 S.W.3d 765, 773-74 (Mo. banc 2003)). "'The absence of a record of post-conviction counsel's attention to the *pro se* motion 'creates a presumption that counsel failed to comply with the rule.'" ***Moore***, 458 S.W.3d at 825 (quoting ***Luleff v. State***, 807 S.W.2d 495, 498 (Mo. banc 1991)).[5]

Where the record reflects that post-conviction counsel failed to comply with the requirements set out in Rule 24.035(e), raising a presumption of abandonment, the motion court must undertake an independent inquiry into the performances of both the movant and counsel. ***Vogl v. State***, 437 S.W.3d 218, 229 (Mo. banc 2014); ***Bello v. State***, 464 S.W.3d 284, 292

---

[4] "A judgment in a criminal case is final for purpose of appeal when the judgment and sentence is entered[.]" ***State v. Chapman***, 704 S.W.2d 674, 675 (Mo.App. 1986) (citing ***State ex rel. Wagner v. Ruddy***, 582 S.W.2d 692, 693 (Mo. banc 1979)).

[5] Rules 29.15(e) and (g) mirror the language set out in Rules 24.035(e) and (g), respectively, in proscribing post-conviction counsel's duties and the time for filing an amended post-conviction motion following appointment of counsel. Cases analyzing Rules 29.15(e) and (g) are applicable here. *See* ***Price v. State***, 422 S.W.3d 292, 298 (Mo. banc 2014)).

4

(Mo.App. 2015). If any delay in the filing of an amended motion or statement in lieu thereof is attributable to the negligence or intentional conduct of the movant, late filing of an amended motion will not be permitted, *Sanders*, 807 S.W.2d at 495, and "movant is entitled to no relief other than that which may be afforded upon the *pro se* motion[,]" *Luleff*, 807 S.W.2d 495, 498 (Mo. banc 1991).

"If a court finds that a movant has been abandoned, then the proper remedy is to put the movant in the place where the movant would have been if the abandonment had not occurred." *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008). Where appointed counsel does not file an amended motion or take any action on behalf of the movant, "the only way to restore the motion court and parties to the position Rule [24.035(e)] intends for them is for the motion court to appoint new counsel and allow additional time for this counsel to perform the duties required" under the rule. *Price*, 422 S.W.3d at 298.

A careful review of the record in this case reveals that while the motion court still retained control of the case and before its dismissal order became final, Movant's appointed counsel failed to comply with the requirements of Rule 24.035(e). This failure raised a presumption of abandonment that required the motion court to conduct an independent inquiry to determine whether Movant was in fact abandoned by appointed counsel. The absence of a record of such an inquiry requires reversal and remand.

In accordance with the provisions of Rule 24.035, for a movant who has not appealed his judgment of conviction or sentence and has timely filed a *pro se* post-conviction motion, as here, movant's counsel must file any amended motion

> within sixty days of the earlier of: (1) the date both a complete transcript
> consisting of the guilty plea and sentencing hearing has been filed in the trial
> court and counsel is appointed or (2) the date both a complete transcript has been

filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 24.035(g). Therefore, in any event, the time within which an amended motion must be filed does not begin to run before the date a complete transcript consisting of the movant's guilty plea and sentence hearing has been filed in the trial court and expires sixty days thereafter.[6]

Rule 24.035(c) provides: "Upon receipt of the [*pro se*] motion, the clerk shall notify the sentencing judge and shall notify the court reporter to prepare and file the complete transcript of the movant's guilty plea and sentencing hearing if the transcript has not yet been prepared or filed." The transcript here was not ordered until February 3, 2015, and the required transcript was not filed in the trial court until March 30, 2015. Therefore, an amended motion was required to be filed on or before June 1, 2015.[7] *See* Rule 24.035(g).

Nevertheless, the motion court entered its order on January 14, 2015, ordering that the case be "placed on inactive docket per local rule for failure to appear/prosecute the action." According to the notice sent out six days later, on January 20, 2015, local court rule, numbered 37.1, provides

> In order to comply with Supreme Court time standards, any case that is not being actively prosecuted may be assigned to the inactive docket and any case pending over two years, which is not set for trial, shall automatically be assigned to the inactive docket. Any case on the inactive docket shall be dismissed without prejudice after 60 days. The Clerk will notify counsel if a case is placed on the inactive docket and of the date on which the case will be dismissed and file proof thereof. Cases on the inactive docket will not be printed. Dismissals pursuant to this rule shall be automatic upon the expiration of the time period herein set without further action by the Court. Removal of an action from the inactive docket will only be considered by notice to opposing counsel and for good cause.

---

[6] The time for filing the amended motion may be extended for one additional period not to exceed thirty days. Rule 24.035(g). The record here, however, does not reflect any request or order for such an extension.

[7] The sixtieth day was May 30, 2015. Because this day was a Saturday, the deadline expired on Monday, June 1. *See* Rule 44.01 (if the last day of a period is a Saturday, then "the period runs until the end of the next day [that] is neither a Saturday, Sunday nor a legal holiday").

And, accordingly, the case was automatically dismissed without prejudice on March 16, 2015.

The motion court retained control over its March 16, 2015 dismissal order for thirty days after its entry. Rule 75.01; Rule 81.05(a); *see Thomas v. State*, 180 S.W.3d 50, 54 (Mo.App. 2005) (Rules 75.01 and 81.05(a) apply to a Rule 24.035 proceeding). Rule 81.05(a)(2) provides that

> [i]f a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:
>
> (A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
>
> (B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

If Movant's April 13, 2015 motion to reinstate is a timely filed "authorized after-trial motion," then according to Rule 81.05(a)(2), the motion court's control over the case and the finality of its dismissal order was extended for an additional ninety days after the motion to reinstate was filed. *See* Rule 81.05(a)(2). That extended date was July 13, 2015.[8]

> Missouri law requires the circuit court to treat motions based upon the allegations contained in the motion regardless of the motion's style or form. *Id.* Our Supreme Court has stated: "In determining whether a motion is an authorized after-trial motion, Missouri courts have looked not to the nomenclature employed by the parties, but to the actual relief requested in the motion." *Berger v. Cameron Mut. Ins. Co.*, 173 S.W.3d 639, 641 (Mo. banc 2005).

*Payne v. Markeson*, 414 S.W.3d 530, 538 (Mo.App. 2013). Movant's April 13, 2015 motion to reinstate alleges that after attorney Huffman entered his appearance on December 16, 2014, "[t]he court's record is devoid of any further activity by Mr. Huffman on behalf of Movant[,]" and requests relief from the March 16, 2015 dismissal order and appointment of new counsel. Movant's allegations of his appointed counsel's failure to act and requests for relief imply that

---

[8] The ninetieth day is July 12, 2015. Because that day was a Sunday, the end of the period runs to the next day, Monday, July 13. *See* Rule 81.05(c); Rule 78.06; Rule 44.01; *Heinen v. Healthline Mgmt., Inc.*, 982 S.W.2d 244, 246 (Mo. banc 1998). Nothing in the record indicates that the motion court ruled on Movant's motion to reinstate.

7

that counsel's failure to act is not attributable to Movant and therefore Movant's neglect is excusable. These allegations and requests for relief align with a Rule 74.06(b) motion for relief from an order. That rule provides, "On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for . . . excusable neglect[.]" Rule 74.06(b). A Rule 74.06(b) motion is an authorized after-trial motion. *The Bank v. Lessley*, 240 S.W.3d 739, 741 (Mo.App. 2007). Because it was filed within thirty days after the entry of the dismissal order, it was timely filed. *Id.* Therefore, the motion court's control over this case and its dismissal order, as well as the finality of that order, was extended until July 13, 2015.[9]

Attorneys Huffman, Harris, and Flottman each entered their appearance on behalf of Movant in this case, and none have moved for or been granted leave to withdraw. Apparently, all three entered their appearance in response to the motion court's appointment of the "Public Defender" as post-conviction counsel for Movant. Yet, the record reflects that none took any of the Rule 24.035(e) actions required of appointed counsel for a post-conviction movant before the deadline for filing an amended motion expired on June 1, 2015.[10] This omission, while the motion court retained control over the case and its not-yet-final dismissal order, raised a

---

[9] "[T]he notice of appeal shall be filed not later than 10 days after the judgment or order appealed from becomes final." Rule 81.04(a). "In any case in which a notice of appeal has been filed prematurely, such notice shall be considered as filed immediately after the time the judgment becomes final for the purpose of appeal." Rule 81.05(b). Therefore, Movant's notice of appeal filed on April 23, 2015, was premature and was deemed filed on July 14, 2015.

[10] Those actions are expressly provided in Rule 24.035(e) as

> [Appointed c]ounsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing.

8

presumption that Movant was abandoned by his appointed post-conviction counsel. *See Moore*, 458 S.W.3d at 825; *Vogl*, 437 S.W.3d at 229.

> [W[hen the record raises a presumption of abandonment because appointed counsel has failed to comply with the requirements in Rule 24.035(e) that counsel file a timely amended motion or a statement setting out facts that demonstrate counsel's actions to ensure no amended motion is needed, a motion court must conduct a sufficient independent inquiry of a post-conviction movant's claim of abandonment.

*Vogl*, 437 S.W.3d at 229.

There is nothing in the record here to indicate that the required independent inquiry into the issue of abandonment was undertaken by the motion court. "When the independent inquiry is required but not done, this [c]ourt will remand the case because the motion court is the appropriate forum to conduct such an inquiry." *Moore*, 458 S.W.3d at 826.[11] Accordingly, remand to the motion court for an independent inquiry into whether Movant was abandoned by post-conviction counsel is appropriate here.[12]

## Decision

The motion court's order dismissing Movant's motion for post-conviction relief is reversed, and the case is remanded to the motion court with directions to conduct an independent inquiry into whether Movant was abandoned by post-conviction counsel and for further proceedings consistent with the outcome of that inquiry.[13]

GARY W. LYNCH, J. – Opinion author

---

[11] Although enforcement of mandatory timelines in post-conviction rules is this court's duty, the motion court is the appropriate forum to conduct an inquiry on the issue of abandonment by post-conviction counsel. *Moore*, 458 S.W.3d at 825-26.

[12] Respondent concedes that there is no indication in the record that an independent inquiry was undertaken by the motion court and that reversal of the dismissal and remand to the motion court for such an inquiry are appropriate.

[13] Because the absence of the required independent inquiry into Movant's presumed abandonment by appointed counsel precluded the motion court's final dismissal of Movant's *pro se* motion, we do not express any opinion about the propriety of the motion court's stated basis for such dismissal or the merits of the motion.

DON E. BURRELL, P.J. – concurs

WILLIAM W. FRANCIS, Jr., J. – concurs