In the Interest of D.D.H., Plaintiff.

Juvenile Officer, Respondent; A.D.A.
(Mother), Respondent,

v.

S.M.H., Appellant.

No. WD 63759.

Missouri Court of Appeals,
Western District.

Dec. 28, 2004.

Gary Michael Steinman, Gladstone, MO,
for Appellant.

John Richard Shank Jr., Kansas City,
Kelly J. Ruark, Liberty, MO, for Respondent.

Before EDWIN H. SMITH, C.J., HOWARD and HOLLIGER, JJ.

VICTOR C. HOWARD, Judge.

In October of 2003, D.D.H., the minor child of Appellant, was placed in the care and custody of the Children's Division for placement in alternative care. Pursuant to section 210.720.1 RSMo 2000, the Circuit Court of Clay County held a permanency review hearing and issued its "Findings and Judgment on Permanency Review," in which the court continued the prior orders of disposition wherein D.D.H. was placed in the care and custody of the Children's Division in alternative care. Appellant then filed this appeal, arguing the court erred because the continuation of the permanency plan is not in the best interests of D.D.H., is not supported by substantial evidence, and is contrary to section 210.720 RSMo 2000.

Respondent Juvenile Officer, relying upon this court's opinion in *In re L.E.C.*, 94 S.W.3d 420 (Mo.App. W.D.2003), moved to dismiss the appeal. The motion was taken with the case and is hereby granted.

In *L.E.C.*, the natural mother argued the trial court erred in entering an order pursuant to § 210.720 changing in the permanency plan from reunification to adoption because there was not clear and convincing evidence that changing the permanency plan was in her children's best interests.. *Id.* at 424–25. After considering the authorities for appeals, "this court [could] find no basis in Chapters 210 and 211 for appeal of a § 210.720 order." *Id.* at 425. Nor did we "consider the ruling a final judgment under § 512.020." *Id.* We concluded that "[a]llowing appeals from § 210.720 orders would cause inefficiency and lengthen the time needed to address the ultimate issue of parental rights termination.... It would significantly impede a process designed to proceed expeditiously." *Id.* at 425–26.[1] Because Appellant's sole point on appeal involves a non-appealable matter, we dismiss the appeal.

EDWIN H. SMITH, C.J., and HOLLIGER, J., concur.

---

1. In so holding, we expressly "[did] not rule out the possibility that a parent may, in an appropriate case, be able to proceed by way of a writ proceeding to compel a juvenile officer to comply with applicable statutes." *L.E.C.*, 94 S.W.3d at 426. No writ is at issue, here.