In the Interest of: T.G.O.

No. ED 95829.

Missouri Court of Appeals, Eastern District, Division Three.

March 6, 2012.

John W. Peel, St. Louis, MO, for Appellant, Thomas Edwards.

John Masters Williams, Williams & Freer, Park Hills, MO, for T.G.O., Guardian Ad Litem.

Tammy Machelle Steward, Farmington, MO, Juvenile Officer.

Theodora Louise Strassburg, Division of Legal Services, St. Louis, MO, for Missouri Children's Division.

William B. Beedie, Farmington, MO, for Respondent, M.O.

SHERRI B. SULLIVAN, J.

### Introduction

T.E. (Father) appeals from the circuit court's entry of a permanency plan pursuant to Section 210.720[1] denying Father's request for custody of Child. We dismiss the appeal.

### Factual and Procedural Background

On November 19, 2008, T.G.O. (Child) was born to Mother, at which time he tested positive for amphetamines. Child was taken into the custody of the Division of Family Services. Father was found to be T.G.O.'s father and was made a party to the proceedings. On January 8, 2009, the circuit court assumed jurisdiction over Child and ordered that Child remain in the legal and physical custody of the Division of Family Services (the Division).

On October 29, 2010, the circuit court held a permanency hearing, pursuant to Section 210.720. At the hearing, Father requested that the court place custody of Child with him or in the alternative grant supervised visitation under the non-offending parent statute in Section 211.037. On that date, the circuit court entered its order and judgment in which the court ordered, among other things: (1) temporary legal and physical custody of Child remain with the Division; (2) Child be removed from his current foster home and placed in an alternative foster home; (3) Mother complete weekly drug screens, comply with the written service agreement, and established supervised visitation; (4) Father to comply with random weekly drug and alcohol screens, the written service agreement and the requests of the juvenile office and the Division, and (5) a permanency review hearing be set for January 10, 2011. The court also denied Father's request for custody and visitation pending the court's ruling on the petition for termination of his parental rights. This appeal follows.[2]

### Point on Appeal

On appeal, Father argues the circuit court erred in denying his request for return of physical custody of Child pursuant to Section 211.037 because Father met the statutory qualifications and the statute mandates physical custodial placement of Child with a non-offending parent that meets the statutory qualifications where no other parent or prior custodian is appropriate for custodial placement.

### Discussion

▪ Respondent Juvenile Officer filed a Motion to Dismiss Father's appeal contending that Father is appealing from an order that is not a final judgment and Father has no statutory right to appeal. The motion was taken with the case, and is hereby granted.

In this case, Father made an oral request for custody during a Section 210.720 permanency hearing that occurred on October 29, 2010. When a child is placed in the custody of the Division or in foster care by the court, a written report concerning the status of the child must be

---

1. All statutory references are to RSMo 2006.

2. Father has another appeal pending before this Court regarding the subsequent termination of his parental rights.

filed with the court every six months. Section 210.720.1. After the report is filed:

> The court shall review the report and shall hold a permanency hearing within twelve months of initial placement and at least annually thereafter. The permanency hearing shall be for the purpose of determining in accordance with the best interests of the child a permanent plan for the placement of the child, including whether or not the child should be continued in foster care or whether the child should be returned to a parent, guardian or relative, or whether or not proceedings should be instituted by either the juvenile officer or the division to terminate parental rights and legally free such child for adoption.

Section 210.720.1.

In making his request, Father invoked the non-offending parent statute, Section 211.037,[3] and its preference for returning children to the custody of a non-offending parent. Father's request was strictly made in the context of the Section 210.720 permanency hearing and Father does not allege that he ever requested custody pursuant to a Section 211.181[4] order for disposition or a modification of such order under Section 211.251. Although Father attempts to characterize the circuit court's ruling as one made under Section 211.037, in actuality he is appealing from the circuit court's Order and Judgment on Permanency Hearing entered on October 29, 2010.

■ "The right to appeal is purely statutory." *Glick Finley LLC v. Glick,* 310 S.W.3d 713, 715 (Mo.App. E.D.2010). Rule 120.01[5] of the Juvenile and Family Court Rules provides that appeals shall be allowed as provided by statute. Father contends that Section 211.261 allows for his

---

**3.** Section 211.037 provides:

> 1. For purposes of proceedings and investigations conducted pursuant to this chapter, children shall be promptly returned to the care and custody of a nonoffending parent entitled to physical custody of the child if: (1) The parents have continuously maintained joint domicile for a period of at least six months prior to the alleged incident or the parents are maintaining separate households; and (2) A preponderance of the evidence indicates that only one of the parents is the subject of an investigation of abuse or neglect; and (3) The nonoffending parent does not have a history of criminal behavior, drug or alcohol abuse, child abuse or child neglect, domestic violence, or stalking within the past five years; and (4) The parents are maintaining joint domicile and the offending parent is removed from the home voluntarily or involuntarily, or the parents live separately and the child is removed from the home of the offending parent; and (5) A nonoffending parent requests custody of the child and agrees to cooperate with any orders of the court limiting contact or establishing visitation with the offending parent

> and the nonoffending parent complies with such orders. When the parents maintain joint domicile or comply with court-ordered visitation, there shall be a rebuttable presumption that the nonoffending parent has not committed any violation of section 568.030, 568.032, 568.045, 568.050, or 568.060, RSMo, or has not engaged in any conduct that would constitute child abuse or neglect under chapter 210, RSMo. In order to rebut the presumption there must be a finding of actual harm or endangerment to the child if the child is placed in the custody of the nonoffending parent.
> 2. Nothing in this section shall prevent the division or the court from exercising its discretion to return a child or children to the custody of any individual.

**4.** Section 211.181.1 provides for various dispositions that a juvenile court may make after it has determined that a child is subject to juvenile court jurisdiction, such as supervising the child in his own home or in the custody of relatives, commitment of the child outside the home, placing the child in a family home, etc.

**5.** All rule references are to Mo. R. Civ. P.2010.

appeal. Section 211.261.1 provides that "[a]n appeal shall be allowed to a parent from any final judgment, order or decree *made under the provisions of this chapter* which adversely affects him." The plain language of the statute limits itself to appeals of judgments, orders and decrees made under Chapter 211. Father, however, is appealing an order and judgment on a permanency hearing made under Section 210.720, which is clearly not contained within Chapter 211. Thus Section 211.261 is not applicable and does not afford Father the right to appeal.

This Court has previously held that orders made pursuant to Section 210.720 are not appealable and must be dismissed. *See In re L.E.C.,* 94 S.W.3d 420, 425 (Mo. App. W.D.2003); *In re D.D.H.,* 151 S.W.3d 425, 426 (Mo.App. W.D.2004). In *L.E.C.,* the Court found that there was no basis in either Chapters 210 or 211 for an appeal from a Section 210.720 order. *In re L.E.C.,* 94 S.W.3d at 425. Furthermore, the Court found that a change in a permanency plan is not in itself a final judgment such that it is appealable pursuant to Section 512.020, the general statute governing civil appeals. *Id.* Following the implementation of or adjustment to a permanency plan, the circuit court continues to manage the case and allowing appeals from such orders would cause inefficiency and lengthen the time to address the ultimate issue of parental rights termination. *Id.* Such appeals "would significantly impede a process designed to proceed expeditiously." *Id.*

The case *sub judice* exemplifies the reasoning in *L.E.C.* Here, the circuit court not only denied Father's request for custody and visitation but also removed Child from his current foster home and placed him in an alternative foster home; provided further directions to the parents; and set the date for a permanency review hearing.

The court's October 29, 2010 judgment did not resolve all of the issues in the case but instead established multiple conditions for the parties to meet in the future administration of the case.

We find that the circuit court's October 29, 2010 judgment is not an appealable judgment. Because Father's sole point on appeal involves a non-appealable matter, Respondent Juvenile Officer's Motion to Dismiss is granted.

### Conclusion

Father's appeal is dismissed.

ROBERT G. DOWD, JR., P.J. and MARY K. HOFF, J., concur.