**George McCULLOUGH, et al., Appellants,**

v.

**COMMERCE BANK, N.A., Respondent.**

**No. WD 73219.**

Missouri Court of Appeals, Western District.

June 12, 2012.

Patrick Reavey, Kansas City, MO, for Appellants.

Kimberly Jones, Christi Hilker–Vaglio, Kansas City, MO, for Respondent.

Before: THOMAS H. NEWTON, P.J., JAMES M. SMART, and VICTOR C. HOWARD, JJ.

THOMAS H. NEWTON, Presiding Judge.

Mr. George McCullough and Mr. James Cranston appeals the trial court's denial of their Rule 74.06(b) motion on the ground that the motion was an authorized post-trial motion subject to Rule 81.05(a)(2)'s automatic denial of such motions after 90 days. We reverse and remand.

## Factual and Procedural Background

Mr. McCullough and Mr. Cranston (collectively "Appellants") worked in the Recovery Department of Commerce Bank; Mr. Ron Nesemyer was the Department's manager. *McCullough v. Commerce Bank*, 349 S.W.3d 389, 391 (Mo.App. W.D. 2011). Mr. McCullough was a Recovery Collector responsible for collecting outstanding unsecured debt from Commerce Bank's debtors, but only from those accounts identified by a specific code assigned to him. *Id.* Mr. Cranston was a Repossession Specialist responsible for repossessing, reconditioning, and selling collateral on secured loans; he had the ability to change collector codes, but had no collecting responsibility. *Id.* Mr. Nesemyer forbade Recovery Collectors to change their assigned codes unless management approved the change, to ensure that any credit for account recovery be given to the assigned collector. *Id.*

In April 2006, a Recovery Collector told a supervisor, Ms. Deborah Turnbow, that Mr. McCullough had changed a code to receive credit for his account. *Id.* Ms. Turnbow informed Cranston's supervisor. *Id.* An investigation revealed that Mr. McCullough, believing that a certain account should be credited to him, asked Mr. Cranston to change the code to give Mr. McCullough credit rather than the assigned Recovery Collector; Mr. Cranston did so. *Id.* The investigation also revealed that Mr. McCullough and Mr. Cranston had participated in at least four unauthorized account transfers. *Id.* at 391–92. They were subsequently terminated. *Id.* at 391.

Thereafter, they received letters from the Missouri Commission on Human Rights authorizing them to sue Commerce Bank for discriminatory practices. *Id.* at 392. They filed a petition for wrongful termination against Commerce Bank, alleging it terminated Mr. McCullough based on his age and race and terminated Mr. Cranston to conceal the discrimination against Mr. McCullough. *Id.* at 392.

After a trial, the jury found in favor of Commerce Bank. *Id.* Appellants filed a motion for new trial under Rules 78.01 and 74.06(b) "because of misrepresentations and misconduct by [Commerce Bank] and [its] counsel." In their motion, the Appellants argued that, *inter alia,* Commerce Bank failed to produce Mr. Lamar Cherry's and Mr. Martin Walker's personnel files and had the files been produced, they would have supported their case. Mr. Cherry and Mr. Walker are African–Americans. The trial court found that although the information should have been produced before trial, a new trial could not be granted because Appellants failed to meet the *Carthen* standard.[1] *Id.* at 393. Specifically, the court found that counsel did not demonstrate that by use of due diligence he would not have been able to discover the failure to disclose the files earlier, as counsel had information identifying both Mr. Cherry and Mr. Walker and their terminations came to light during trial. *Id.* Additionally, counsel did not demonstrate "*how* this evidence would have affected the outcome of the trial," as "there was no ... testimony or evidence" of what benefit a timely production of the personnel files would have yielded. *Id.*

Appellants filed an appeal, challenging, *inter alia,* the trial court's application of the newly discovered evidence standard under Rule 78.01 to deny relief on the ground that Commerce Bank failed to produce the personnel files. *Id.* Appellants argued that the trial court should have instead applied the standard for vacating judgments under Rule 74.06(b) for misconduct, and its failure to do so was error. *Id.* at 394. We denied the point, noting that Appellants abandoned any arguments that the trial court erroneously applied *Carthen,* or erroneously applied Rule 78.01. *Id.* at 394 n. 3. We stated that the argument concerning the failure to apply Rule 74.06 was not raised before the trial court and even if it were adequately preserved, Appellants did not satisfy the standard to be entitled to relief in that they failed to argue Commerce Bank's behavior was purposeful misconduct or fraudulent. *Id.* at 395–96. We affirmed the trial court's decision. *Id.* at 399.

While the appeal was pending, Appellants contacted Mr. Walker and Mr. Cherry who reported that they voluntarily left because they were dissatisfied with their positions at Commerce Bank and that they had complained to Commerce Bank before leaving about the unfair and inconsistent treatment that had occurred in the Recovery Department under Mr. Nesemyer and Ms. Turnbow (collectively "named management"). Mr. Cherry and Mr. Walker also reported that another African–American, Mr. Jamial Black,[2] had experienced mistreatment, and left Commerce Bank as a result. Mr. Black reported that he told a Human Resource person that he experienced racial discrimination. Appellants filed a motion under Rule 74.06(b) for relief from the judgment, additional discov-

---

1. *Carthen v. Jewish Hospital of St. Louis,* 694 S.W.2d 787, 800–01 (Mo.App. E.D.1985) provides the test to conduct when evaluating whether to grant a new trial based on discovery of new evidence.

2. Mr. Black's name was not mentioned during trial.

ery, and a new trial. In that motion, they alleged that Commerce Bank committed fraud by "affirmatively lead[ing] ... counsel away from evidence which would have supported [their] discrimination claims[ ] and ... Mr. Black's personnel file and the complaints he made were never disclosed."

In an attempt to defeat the claim of fraud, Commerce Bank produced documents showing complaints made by Mr. Cherry, Mr. Walker, and Mr. Black did not allege racial discrimination, but rather alleged inconsistent and unfair treatment by the named management. Appellants used the information to build their claim of fraud, arguing that Commerce Bank should have produced the exit interviews pursuant to different discovery requests asking for complaints made against the named management.

The trial court granted a hearing on the motion. At the hearing, Commerce Bank argued that the trial court lacked jurisdiction to hear the motion. After the hearing, the trial court denied the motion, expressing its regret for abusing its discretion in its previous ruling, but finding that it lacked authority to grant relief because according to Rule 81.05(a)(2), the motion was deemed denied.[3] Appellants appeal.

### Standard of Review

■ We review a denial of an independent Rule 74.06(b) motion for an abuse of discretion. *In re Marriage of Hendrix*, 183 S.W.3d 582, 587 (Mo. banc 2006). "An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Id.* "If reasonable persons can differ as to

the propriety of the trial court's action, then it cannot be said that the trial court abused its discretion." *Id.* (internal quotation marks and citation omitted).

### Legal Analysis

Appellants argue that the trial court erred by ruling that the Rule 74.06(b) motion was automatically denied after 90 days per Rule 81.05(a)(2). They contend because the motion was filed after the judgment became final, and therefore the court could rule on the motion beyond the limit of 90 days.

The trial court found that according to "case law" and language in *Taylor v. United Parcel Service, Inc.*, 854 S.W.2d 390 (Mo. banc 1993), motions under Rule 74.06 are authorized after-trial motions. The trial court then overruled the Rule 74.06(b) motion, stating, "Due to the time constraints of Rule 74.06 and [the] court's inability to grant relief under Rule 74.06 and 81.05, the court cannot now grant relief to plaintiffs." Rule 81.05(a)(2) does not cover independent actions, therefore a court may entertain such an action beyond the aforementioned ninety days. *See The Bank v. Lessley*, 240 S.W.3d 739, 742 (Mo. App. S.D.2007).

■ Appellants claim that the trial court erred in treating their Rule 74.06(b) motion as an authorized after-trial motion because it was an independent action in that the motion was filed after the underlying judgment became final. To support their argument, Appellants rely on the rationale behind treating a motion to set aside default judgment as an independent action.

Commerce Bank asserts that the trial court properly applied the law because in *Taylor*, the Missouri Supreme Court stat-

---

**3.** We note that based on the trial court's treatment of the motion as an authorized post-trial motion, the trial court should have found the

motion untimely filed and dismissed it rather than denied it. *See Phillips v. State*, 924 S.W.2d 318, 319 (Mo.App. S.D.1996).

ed that authorized after-trial motions are automatically denied after ninety days and recognized a motion filed under Rule 74.06(b) to be an authorized after-trial motion. Commerce Bank further argues that Appellants' reliance on precedent exempting Rule 74.05(d) motions from the time bar of Rule 81.05(a)(2) is misplaced because Rule 74.06 does not contain the exempting language found in Rule 74.05(d), which concerns default judgments.[4]

The problem with Commerce Bank's statement is that Rule 74.06(d) specifically states that the trial court may entertain independent actions to relieve a party from a judgment. Rule 74.06(d) states that it "does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court." We have stated that a Rule 74.06(b) motion filed after a judgment becomes final is an independent action requiring the trial court to enter a separate judgment. *See Bi–State Dev. Agency of Mo.–Ill. Metro. Dist. v. Ames Realty Co.,* 258 S.W.3d 99, 106 (Mo.App. E.D.2008) (citing other cases holding the same).

The *Taylor* court's characterization of motions under Rule 74.06(a) and (b) as authorized after-trial motions does not conflict with the rule stated in *Bi–State.* As Appellants point out, the *Taylor* court immediately added "but see, Rule 74.06(c)," after listing motions filed under Rule 74.06(a) and (b) as authorized after-trial motions. 854 S.W.2d at 392 n. 1. Subsection (c) provides a limit of a year in which to file an action to set aside a judgment under Rule 74.06(b). Because the time limit in subsection (c) exceeds ninety days, the *Taylor* court's mention of the subsection recognizes that in certain circumstances, as here, motions filed under Rule 74.06(b) may not be "authorized after-trial motions" and are thus exempted from Rule 81.05(a)(2)'s automatic 90–day denial.[5]

Thus, the Rule 74.06(b) motion should have been treated as a separate independent action because it was filed after the judgment became final. Consequently, the trial court abused its discretion in characterizing the motion as an authorized post-trial motion and ruling that it lacked authority to grant relief based on the time bar of Rule 81.05(a)(2). We cannot affirm this denial on any other ground in the record. Accordingly, we grant Appellants' sole point.[6]

### Conclusion

Therefore, we reverse and remand.

SMART and HOWARD, JJ. concur.

---

**4.** Rule 74.05(d) states that the motion cannot be considered an authorized after-trial motion even if filed within thirty days of the judgment.

**5.** Had this court's treatment of Rule 74.06(b) motions filed after a judgment becomes final been incorrect, we believe the supreme court would have amended Rule 74.06(b) to add mandatory language as it did with Rule 74.05(d). In 2007, the supreme court amended Rule 74.05(d) to include the aforementioned exemption language after this court treated a Rule 74.05(d) motion as an authorized after-trial motion because it was filed within thirty days of the judgment entry. *See Dozier v. Dozier,* 222 S.W.3d 308, 311 (Mo.App. W.D.2007).

**6.** Appellants request attorney fees on appeal. Specifically, Appellants request contingent statutory attorney fees assuming that either one of them ultimately prevails in the underlying claims brought under the Missouri Human Rights Act. We deny the request as premature. *See Board of Educ. City of St. Louis v. State,* 134 S.W.3d 689, 699 (Mo.App. E.D. 2004).