

# Missouri Court of Appeals
## Southern District

### Division One

CITIMORTGAGE, INC., )
)
      Plaintiff-Respondent, )
)
v. ) No. SD33083
) Filed: 9-5-14
GEORGE M. WAGGONER, )
)
      Defendant-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Jason R. Brown, Associate Circuit Judge

**APPEAL DISMISSED**

George Waggoner (Appellant) filed a notice of appeal from a trial court ruling denying his request to set aside a summary judgment entered against him. Citimortgage, Inc. (Respondent) argues that dismissal is required because the judgment is not final. We agree and dismiss the appeal.

In August 2011, Respondent filed a lawsuit in the Circuit Court of Greene County, Missouri against the following defendants: Appellant; Elizabeth Waggoner; Mortgage Electronic Registration Systems, Inc.; City Utilities Employee Credit Union (Credit Union); Kathryn Rinaldi; Susan Crain; Carol Plymire (Plymire); and Diane Collier. The petition sought reformation, quiet title and declaratory relief based upon an

alleged error in the legal description of certain property in which the defendants had an interest. Respondent's claim against Credit Union was dismissed without prejudice. The other defendants filed a joint answer to the petition.

In June 2013, Respondent filed a motion for summary judgment. On July 31, 2013, the trial court granted the motion. On August 1, 2013, the trial court entered a judgment in favor of Respondent and against all of the defendants. The judgment disposed of all claims against all parties.

On August 20, 2013, defendant Plymire filed a motion to set aside the summary judgment against defendants. The motion sought relief pursuant to Rule 74.06(b) based upon excusable neglect.

On October 22, 2013, the trial court granted the motion in part and set aside the judgment against Plymire. The trial court's ruling did not include a Rule 74.01(b) express determination that there was no just reason to delay the finality of the rulings on Respondent's claims against the remaining defendants.

On November 1, 2013, Appellant filed a motion to set aside the judgment as to the other defendants. On November 18, 2013, the trial court denied that motion. This appeal followed. Respondent argues that this appeal must be dismissed for lack of a final judgment because the claim against defendant Plymire is still pending. We agree.

"Generally, an appeal lies only from a final judgment that disposes of all issues and parties, leaving nothing for future consideration." *Carleton Properties, LLC v. Patterson*, 304 S.W.3d 278, 280 (Mo. App. 2010); *see also* § 512.020(5) RSMo Cum. Supp. (2011). In cases involving multiple parties or claims, Rule 74.01(b) creates an exception to this general rule. *Safe Auto Ins. Co. v. Hazelwood*, 404 S.W.3d 360, 365 (Mo. App. 2013). As this subsection of the rule explains:

2

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Rule 74.01(b).

The trial court's August 1, 2013 judgment disposed of all claims against all parties. Because defendant Plymire filed an authorized after-trial motion seeking relief pursuant to Rule 74.06(b) within 30 days, however, that judgment did not become final for purposes of appeal:

The list of authorized after-trial motions includes a motion seeking relief from a judgment pursuant to Rule 74.06(b). *See Taylor v. United Parcel Serv., Inc.*, 854 S.W.2d 390, 392 n. 1 (Mo. banc 1993); *Dixon v. Thompson*, 235 S.W.3d 568, 570 (Mo.App.2007); *McGee v. Allen*, 929 S.W.2d 278, 280 (Mo.App.1996). Defendants' motion to set aside the judgment was filed on August 26, 2005, which was within the 30-day time period allotted for filing after-trial motions. *See* Rule 78.04. The motion included allegations that appeared to rely upon excusable neglect as a reason for setting aside the judgment, and Defendants specifically cited Rule 74.06(b) in their suggestions supporting the motion. Therefore, this authorized after-trial motion delayed the finality of the judgment.

*The Bank v. Lessley*, 240 S.W.3d 739, 741 (Mo. App. 2007); *see also* Rule 81.05(a). The trial court granted defendant Plymire's after-trial motion and set aside the judgment entered against her. Based upon our review of the record, the claim against defendant Plymire remains pending. Because the trial court's August 1st judgment no longer disposed of all claims against all parties, it did not become final for purposes of appeal. The trial court's ruling on defendant Plymire's motion also did not include a Rule 74.01(b) certification as to Respondent's claim against Appellant or any of the other

3

defendants. Therefore, all of Respondent's claims against all of the defendants remain interlocutory and subject to revision at any time before the entry of a final judgment. *See* Rule 74.01(b); *Allen v. Titan Propane, LLC*, 404 S.W.3d 914, 916-17 (Mo. App. 2013); *Davis v. Howe*, 144 S.W.3d 899, 902 (Mo. App. 2004).[1] In the absence of a final judgment, we lack jurisdiction and must dismiss this appeal. *See Boomerang Transp., Inc. v. Miracle Recreation Equipment Co.*, 360 S.W.3d 314, 316 (Mo. App. 2012).

JEFFREY W. BATES, J. – OPINION AUTHOR

DANIEL E. SCOTT, J. – CONCUR

WILLIAM W. FRANCIS, Jr., C.J./P.J. – CONCUR

---

[1] Citing *McCullough v. Commerce Bank, N.A.*, 368 S.W.3d 296 (Mo. App. 2012), Appellant argues that he can appeal the denial of his Rule 74.06(b) motion because it constituted an independent action since the motion was filed more than 30 days after the entry of the August 1st judgment. Appellant's reliance on *McCullough* is misplaced. What the western district of this Court actually held is that a Rule 74.06(b) motion must be treated as an independent action if the motion is filed after the underlying judgment becomes final for purposes of appeal. *Id*. at 299-300. Here, the trial court's August 1st judgment never became final for purposes of appeal for the reasons explained above. Therefore, the ruling on Appellant's Rule 74.06(b) motion remains interlocutory and cannot be appealed at this time.

4