

# Missouri Court of Appeals

## Southern District

### Division One

IN THE INTEREST OF: )
A.N.L., )
 )
B.R. )
 )
        Intervenor-Appellant, )
 )   No. SD33670
v. )   Filed: 2-10-16
 )
MARIES COUNTY JUVENILE OFFICE, )
 )
        Petitioner-Respondent, and )
 )
MISSOURI DEPT. OF SOCIAL )
SERVICES, CHILDREN'S DIVISION, )
 )
        Respondent. )

APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable Kerry G. Rowden, Associate Circuit Judge

## APPEAL DISMISSED

This case involves an attempt to appeal from an order denying a motion for relative foster care placement pursuant to § 210.565.[1] Because no statute authorizes such an appeal, we are required to dismiss.

---

   [1] All references to statutes are to RSMo Cum. Supp. (2013), unless otherwise indicated. All references to rules are to Missouri Court Rules (2015).

On November 1, 2012, A.L. was taken into protective custody by the Phelps County Children's Division (Children's Division). The next day, the Maries County juvenile officer filed a petition in the Circuit Court of Maries County alleging that A.L. was in need of care and protection due to neglect. On November 6, 2012, the trial court ordered that A.L. remain in the protective custody of the Children's Division.

B.R. (hereinafter referred to as Grandfather) is the maternal grandfather of A.L. On November 29, 2012, Grandfather filed a motion to intervene in the juvenile proceeding and a motion seeking temporary custody of A.L.

On December 5, 2012, Grandfather's motion to intervene was granted. That same day, the court assumed jurisdiction over A.L. pursuant to § 211.031.1(1). On January 2, 2013, the Children's Division was ordered by the court to continue its legal and physical custody of A.L. That custody status remained unchanged at review hearings conducted in April, June and September 2013.

The court conducted a permanency hearing in October 2013. The plan at that point was either reunification with A.L.'s mother (Mother) or a permanent relative home placement. The Children's Division continued to have legal and physical custody of A.L. The permanency plan and custody order remained the same following a review hearing in January 2014. At the June 2014 review hearing, the court changed the permanency plan to either reunification with Mother or adoption. The Children's Division retained custody, but Mother was granted visitation.

In August 2014, Grandfather filed a motion requesting relative placement of A.L. with him pursuant to § 210.565. In relevant part, this statute states:

> Whenever a child is placed in a foster home and the court has determined pursuant to subsection 4 of this section that foster home placement with relatives is not contrary to the best interest of the child, the children's

division shall give foster home placement to relatives of the child. Notwithstanding any rule of the division to the contrary, the children's division shall make diligent efforts to locate the grandparents of the child and determine whether they wish to be considered for placement of the child. Grandparents who request consideration shall be given preference and first consideration for foster home placement of the child. If more than one grandparent requests consideration, the family support team shall make recommendations to the juvenile or family court about which grandparent should be considered for placement.

§ 210.565.1. The court conducted an evidentiary hearing on the motion on October 1, 2014. On November 4, 2014, the court entered an order denying the motion on the ground that it was not in A.L.'s best interest to place her with Grandfather. On December 11, 2014, Grandfather filed a notice of appeal from this order listing himself as the appealing party.

In the jurisdictional statement of Grandfather's brief, he contends his appeal is authorized by § 512.020(5) because the denial of his § 210.565 relative placement motion is analogous to the denial of a motion to transfer custody for the purposes of adoption. The Children's Division and Maries County Juvenile Office (Respondents), on the other hand, contend this appeal must be dismissed because neither § 512.020(5) nor any other statute authorizes an appeal from an order denying a § 210.565 relative placement motion. We agree with Respondents.

Grandfather's motion was based upon the foster home placement preference created by § 210.565. Nothing in that statute grants any right of appeal from the court's placement decision. *See In re L.E.C.*, 94 S.W.3d 420, 425 (Mo. App. 2003) (noting that nothing in § 210.720 made a permanency hearing order appealable). The denial order, from which Grandfather is attempting to appeal, was entered by the juvenile division in a Chapter 211 case. The practice and procedure in such a proceeding is governed by Rules 110-129. Rule 110.01. In relevant part, Rule 120.01 states that "[a]n appeal shall be

3

allowed as provided by statute." Rule 120.01.a. The right of appeal in a Chapter 211 proceeding is authorized under the following circumstances:

> An appeal shall be allowed *to the child* from any final judgment, order or decree made under the provisions of this chapter and may be taken on the part of the child by its parent, guardian, legal custodian, spouse, relative or next friend. An appeal shall be allowed *to a parent* from any final judgment, order or decree made under the provisions of this chapter which adversely affects him. An appeal shall be allowed *to the juvenile officer* from any final judgment, order or decree made under this chapter, except that no such appeal shall be allowed concerning a final determination pursuant to subdivision (3) of subsection 1 of section 211.031. Notice of appeal shall be filed within thirty days after the final judgment, order or decree has been entered but neither the notice of appeal nor any motion filed subsequent to the final judgment acts as a supersedeas unless the court so orders.

§ 211.261.1 RSMo (2000) (italics added). Grandfather does not fall within any of the three categories of persons to whom the right of appeal is granted. He is not A.L.'s parent or the juvenile officer. He also is not appealing on behalf of A.L. According to the notice of appeal and Grandfather's jurisdictional statement, he is seeking to appeal on his own behalf because he claims the denial of his § 210.565 relative placement motion adversely affects his ultimate goal of adopting A.L. Accordingly, § 211.261 provides no statutory basis for Grandfather's appeal. *See In re N.D.*, 120 S.W.3d 782, 787 (Mo. App. 2003) (holding that § 211.261 does not authorize a grandparent to appeal on his or her own behalf); *In re J.A.D.*, 905 S.W.2d 101, 104 (Mo. App. 1995) (holding that § 211.261 does not authorize a foster parent to appeal on his or her own behalf).

We also find no merit in Grandfather's argument that his appeal is authorized by § 512.020. Insofar as relevant here, this statute provides a right to appeal a "final judgment" to "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings." § 512.020(5). *See Tupper v. City of St. Louis*, 468

4

S.W.3d 360, 375 (Mo. banc 2015). It is well-settled that, absent exceptions inapplicable here, an appeal pursuant to § 512.020(5) lies only from a final judgment that disposes of all issues and parties, leaving nothing for further consideration. *Citimortgage, Inc. v. Waggoner*, 440 S.W.3d 589, 590 (Mo. App. 2014). The ruling on Grandfather's relative placement motion did not dispose of all parties and issues. As Grandfather's jurisdictional statement concedes, the court retained jurisdiction over A.L., and the juvenile case is ongoing.

Grandfather argues, however, that the denial of his motion is analogous to the denial of transfer of custody in an adoption action.[2] To support that argument, he relies upon *In re Williams*, 672 S.W.2d 394 (Mo. App. 1984), and *In re M.D.H.*, 595 S.W.2d 448 (Mo. App. 1980). These cases are distinguishable.

An adoption petition is typically filed in two counts with the first count seeking transfer of custody and the second count seeking adoption. *See In re T.L.F.*, 184 S.W.3d 642, 643 (Mo. App. 2006); *In Interest of L.W.F.*, 818 S.W.2d 727, 729 (Mo. App. 1991); § 453.110. That was the procedural posture in both *Williams* and *M.D.H.*, upon which Grandfather relies:

> Before reaching the merits of this case we first consider whether the juvenile court order denying the transfer of custody is an appealable order. The court denied only the transfer of custody and did not mention the subsequent adoption. The order is a final judgment because it disposes of all the parties and issues in the case. § 512.020, RSMo (1978). As noted in *Matter of M.D.H.*, 595 S.W.2d 448, 449 (Mo. App. 1980), denial of transfer of custody, which is a prerequisite to this type of adoption, disposes of the adoption issue. Here the court order specifically denies the transfer of custody which has the effect of denying the petition for adoption. As all the issues are resolved, the order is appealable.

---

[2] Grandfather's claim that the permanency plan was adoption is not supported by the record. As of June 2014, the permanency plan included both reunification with Mother and adoption. The legal file does not include the court's November 2014 permanency hearing order.

5

*Williams*, 672 S.W.2d at 395; *see also* **M.D.H.**, 595 S.W.2d at 449. Because the transfer of custody ruling disposed of all issues raised by the petition in each of those cases, there was a final judgment that was appealable pursuant to § 512.020(5).

The facts of this case are markedly different. Grandfather concedes that he did not file a Chapter 453 adoption petition here. His relative placement motion sought to utilize the preference in foster care placement created by § 210.565. This statute has no application to a Chapter 453 adoptive placement. *In re K.K.J.*, 984 S.W.2d 548, 554 (Mo. App. 1999). The ruling on his § 210.565 motion also did not dispose of all parties and issues in A.L.'s juvenile proceeding.

In our view, the most analogous case is actually *In re T.G.O.*, 360 S.W.3d 355, 356 (Mo. App. 2012). There, a father requested custody during a § 210.720 permanency hearing in a juvenile proceeding. His request was based upon a custody preference created by § 211.037 for non-offending parents. When the trial court entered an order denying father's custody request, he appealed. The eastern district of this Court dismissed the appeal because it lacked any statutory basis in Chapter 210, Chapter 211 or § 512.020(5). *See* **T.G.O.**, 360 S.W.3d at 357-58.[3]

The right to appeal is purely statutory. *Tupper*, 468 S.W.3d at 375. An appeal lacking a statutory basis confers no authority upon an appellate court except to dismiss the appeal. *Meyers v. Johnson*, 182 S.W.3d 278, 282 (Mo. App. 2006).

Grandfather's appeal is dismissed.

---

[3] In reaching that conclusion, the **T.G.O.** court cited two opinions from the western district of this Court: **L.E.C.**, 94 S.W.3d at 425; and *In re D.D.H.*, 151 S.W.3d 425, 426 (Mo. App. 2004). Each of those prior cases had found no statutory basis for an appeal from a § 210.720 permanency hearing order.

6

JEFFREY W. BATES, J.  – OPINION AUTHOR

DANIEL E. SCOTT, P.J. – CONCUR

MARY W. SHEFFIELD, C.J. – CONCUR