Angela T. Quigless, J.
Lexington National Insurance Corporation ("Lexington"), surety on the bond for James Declue ("Defendant"), appeals from *757 the judgment of the trial court denying its Motion to Set Aside Bond Forfeiture. Lexington argues the trial court erred in denying its Rule 74.06(b)[1] Motion to Vacate Judgment because the Judgment of Bond Forfeiture was void under Rule 74.06(b)(3) for lack of notice, and irregular under Rule 74.06(b)(4) for failing to comply with the bond forfeiture procedures in Rule 33.14. Lexington also argues, because the Judgment of Bond Forfeiture was void pursuant to Rule 74.06(b), the trial court erred in denying Lexington's Motion to Set Aside Bond Forfeiture. We dismiss the appeal for lack of jurisdiction because the trial court has not issued a judgment denying Lexington's Rule 74.06(b) Motion to Vacate Judgment.
Factual and Procedural Background
Defendant was charged with first-degree child molestation, and bond was set by the circuit court in the amount of $90,000. A local bonding agent, David Shy ("Bondsman"), posted the bond to secure Defendant's release. Lexington was the surety and obligor for Defendant's bond. Defendant pleaded guilty and his sentencing hearing was scheduled for July 18, 2016. When Defendant failed to appear in court for his sentencing, the trial court revoked Defendant's bond, issued a capias warrant for Defendant's arrest, ordered the bond forfeited, and scheduled a bond forfeiture hearing for August 15, 2016.
On July 19, 2016, the trial court issued a Declaration of Bond Forfeiture and Notice of Hearing.[2] The Declaration of Bond Forfeiture and Notice of Hearing stated, in relevant part:
The court hereby declares the defendant's bond in the amount of $ 90,000.00 forfeited in favor of the State of Missouri.
You are hereby notified that a hearing will be held on August 15, 2016 (date), at 9:00 a.m. (time) in the Circuit Courtroom Washington County, Division II (specify location) to determine whether the forfeiture should be set aside or a judgment of forfeiture entered.[3]
(emphasis in original). The trial court's docket entries for July 21, 2016 indicate the court signed, approved, and filed the Declaration of Bond Forfeiture and Notice of Hearing, and the court clerk, acting as Lexington's agent pursuant to Rule 33.14,[4] *758 mailed a copy of the document to Lexington. Lexington acknowledged via affidavit it received the copy of the Declaration of Bond Forfeiture and Notice of Hearing mailed by the clerk.
On August 15, 2016, the State and Bondsman appeared in court, but Defendant and Lexington did not appear. The court continued the case to October 24, 2016, then again to November 21, 2016. The docket entry for November 1, 2016 indicates the clerk sent notice of the November 21, 2016 hearing to Lexington. Lexington acknowledged it received this notice as well.
On November 21, 2016, the docket entries indicate Defendant again failed to appear, but Lexington did appear "in person and with Counsel, Alya Chadborne."[5] The court sustained the bond forfeiture and ordered the State to have judgment against Lexington on the bond in the amount of $90,000.00. The court then continued the case to May 15, 2017 for status on the judgment.[6] On November 28, 2016, the trial court entered its written Judgment of Bond Forfeiture.[7] Lexington did not appeal this judgment.
On May 15, 2017, Lexington appeared at the status hearing through attorney Chris Hartmann from the firm Hartmann & Pegram. On June 15, 2017, Lexington filed a Motion to Set Aside the Bond Forfeiture, arguing Lexington "has fulfilled their obligations as the bondsmen in this matter" because Defendant "was surrendered to the Travis County Jail, on May 26th, 2017." Lexington initially set a hearing on this motion for June 19, 2017, which was rescheduled for August 28, 2017. On August 28, 2017, the court generally passed the motion "until noticed by the parties." On July 4, 2018, Lexington set a hearing on the Motion to Set Aside the Bond Forfeiture for January 22, 2018, which was then rescheduled to March 19, 2018.
On March 12, 2018, new counsel entered its appearance to represent Lexington, and Lexington filed a Rule 74.06(b) Motion to Vacate Judgment and an Amended Motion to Set Aside Declaration of Bond Forfeiture. On March 13, 2018, the State filed a Motion to Dismiss Lexington's motions. On March 15, 2018, Lexington filed an affidavit from the Vice President of Lexington asserting facts in support of the Motion to *759 Vacate Judgment and Amended Motion to Set Aside Declaration of Bond Forfeiture.
On March 19, 2018, the trial court held a hearing on the Motion to Set Aside Bond Forfeiture, as scheduled. The docket entry for March 19, 2018 states: "State of Missouri present by PA, Joshua Hedgecorth. Attorney John Peel appears on behalf of Surety-Lexington National Insurance Corp. Court takes up Surety's Motion to Set Aside Bond Forfeiture and denies same. So Ordered!"
On March 26, 2018, Lexington filed a motion requesting the court to enter a written judgment on its oral pronouncement. Lexington attached a Proposed Order and Judgment, stating: "State of Missouri present by PA, Joshua Hedgecorth. Attorney John Peel appears on behalf of Surety-Lexington National Insurance Corp. Court takes up Surety's Motion to Set Aside Bond Forfeiture and denies same. So Ordered!" The court signed Lexington's Proposed Order and Judgment and filed it on March 28, 2018.
On April 10, 2018, Lexington filed its notice of appeal in this case, stating "Appeal is taken regarding denial by Circuit Court of surety's Motion to Vacate and Set Aside Bond Forfeiture." This appeal follows.
Points on Appeal
Lexington asserts three points on appeal. In Point I, Lexington argues the trial court erred in denying the Motion to Vacate and Set Aside the Judgment of Bond Forfeiture because the judgment was entered without the required motion requesting enforcement of the declaration of bond forfeiture being first filed with the court and served upon Lexington, as required by Rule 33.14, thus rendering the judgment void under Rule 74.06(b)(4). In Point II, Lexington argues the trial court erred in denying the Motion to Vacate and Set Aside the Judgment of Bond Forfeiture because the judgment was entered without the required motion requesting enforcement of the declaration of bond forfeiture being first filed with the court and served upon Lexington, as required by Rule 33.14, thus rendering the judgment irregular under Rule 74.06(b)(3). In Point III, Lexington argues the trial court erred in denying the Motion to Vacate and Set Aside the Judgment of Bond Forfeiture because Lexington presented proof that Defendant was incarcerated elsewhere before the trial court entered a valid, final judgment of bond forfeiture, thus requiring the bond forfeiture to be set aside under Section 374.770 RSMo (2000).
Discussion
In all appeals, this Court must determine its jurisdiction sua sponte. Nicholson Constr. Co. v. Mo. Highway & Transp. Comm'n , 112 S.W.3d 6, 9 (Mo. App. W.D. 2003) (citing Comm. for Educ. Equal. v. State , 878 S.W.2d 446, 450 (Mo. banc 1994) ). Without a final judgment, we have no jurisdiction to hear an appeal, and the appeal must be dismissed. Id. (citing Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo. banc 1997) ). A judgment is not final unless it either disposes of all issues and all parties in the case leaving nothing for future determination, or is certified for appeal by the trial court because there is "no just reason for delay." Rule 74.01(b); Nicholson Constr. Co. , 112 S.W.3d at 10.
We do not have jurisdiction to hear this appeal because the trial court has not issued a judgment denying Lexington's Rule 74.06(b) Motion to Vacate Judgment, which is the basis of each of Lexington's points on appeal. The judgment from which Lexington appeals only indicates the trial court denied the Motion to Set Aside Bond Forfeiture, and does not mention *760 Lexington's Rule 74.06(b) Motion to Vacate Judgment.
Lexington's Motion to Set Aside Bond Forfeiture was originally filed by Lexington on June 15, 2017, amended on March 12, 2018, heard by the trial court on March 19, 2018, and orally denied the same day. The denial was reduced to a written judgment on March 28, 2018. Although Lexington also filed a Rule 74.06(b) Motion to Vacate Judgment together with its Amended Motion to Set Aside Declaration of Bond Forfeiture, nothing in the record indicates that this motion was called up for a hearing, argued before the trial court, or denied by the trial court. Notably, the trial court's March 28, 2018 judgment denying the Motion to Set Aside Bond Forfeiture does not mention Lexington's Rule 74.06(b) Motion to Vacate Judgment.
Lexington and the State assert that the Rule 74.06(b) Motion to Vacate Judgment was addressed during the March 19, 2018 hearing on the Motion to Set Aside Bond Forfeiture. However, this hearing was not on the record, and the docket entry for March 19, 2018 only indicates the court addressed and denied the Motion to Set Aside Bond Forfeiture. Nothing in the record before us indicates the trial court considered or denied Lexington's Rule 74.06(b) Motion to Vacate Judgment, or the State's motion to dismiss this motion.[8]
The parties argue the Rule 74.06(b) Motion to Vacate Judgment should be deemed denied, pursuant to Rule 81.05(a)(2), because it is an authorized after-trial motion, and more than ninety days have passed since the motion was filed. We disagree. A Rule 74.06(b) Motion to Vacate Judgment is only considered an authorized after-trial motion subject to denial by operation of law pursuant to Rule 81.05(a)(2) if it is filed before the judgment it seeks to vacate becomes final. See McCullough v. Commerce Bank, N.A. , 368 S.W.3d 296, 300 (Mo. App. W.D. 2012). In McCullough , the Western District addressed whether a Rule 74.06(b) Motion to Vacate Judgment filed after the judgment became final is an authorized after-trial motion subject to automatic denial after ninety days under Rule 81.05(a)(2). Id. at 298-99. The court held:
[A] Rule 74.06(b) motion filed after a judgment becomes final is an independent action requiring the trial court to enter a separate judgment.
...
Thus, the Rule 74.06(b) motion should have been treated as a separate independent action because it was filed after the judgment became final. Consequently, the trial court abused its discretion in characterizing the motion as an authorized post-trial motion and ruling that it lacked authority to grant relief based on the time bar of Rule 81.05(a)(2).
Id. at 300. (citations omitted).
Here, the trial court entered its Judgment of Bond Forfeiture on November 28, 2016. Because no authorized after-trial motion was filed, this judgment became *761 final on December 28, 2016, thirty days after it was entered. See Rule 81.05(a)(1). Lexington filed its Rule 74.06(b) Motion to Vacate Judgment nearly a year and a half later, on March 12, 2018. Because Lexington's Rule 74.06(b) Motion to Vacate Judgment was filed after the underlying judgment it sought to vacate became final, as in McCullough , the motion was not denied by operation of law ninety days after it was filed, pursuant to Rule 81.05(a)(2). See McCullough , 368 S.W.3d at 300.
Each of Lexington's points on appeal requires us to address whether the trial court erred in denying the Rule 74.06(b) Motion to Vacate Judgment. Points I and II assert the trial court erred in denying the Rule 74.06(b) Motion to Vacate Judgment, while the relief sought in Point III is contingent upon us finding the trial court erred in denying the Rule 74.06(b) Motion to Vacate Judgment.[9] Because the trial court has not yet ruled on Lexington's Rule 74.06(b) Motion to Vacate Judgment, there is no final judgment for Lexington to appeal. Accordingly, the appeal must be dismissed for lack of jurisdiction. See Nicholson Constr. Co. , 112 S.W.3d at 9.
Conclusion
Appeal dismissed for lack of jurisdiction.
Roy L. Richter, P.J., and Robert M. Clayton III, J., concur.

All rule references are to Missouri Supreme Court Rules (2016), unless otherwise indicated.

The Declaration of Bond Forfeiture and Notice of Hearing was issued using the Office of State Courts Administrator Form CR45.

The Declaration of Bond Forfeiture and Notice of Hearing further stated:
At the hearing, you may appear and:
1. Show cause as to why the forfeiture should be set aside, or
2. Surrender the defendant to the court and pay all costs and expenses caused by the defendant's breach of the bond condition(s), or
3. Deposit cash in the amount of the bond with the court.
Upon surrender of the defendant and payment of costs and expense caused by his or her breach of the bond condition(s) or deposit of cash in the amount of the bond, you will be discharged from any further debt or obligation under the bond.
If you do not appear, a bond forfeiture judgment in the amount of the bond may be entered against you. Execution against your real or personal property may be issued on the judgment. In addition, you may be disqualified from writing any additional bonds until the judgment is either set aside or satisfied.
(emphasis in original).

Rule 33.14 provides:
... By entering into a bond the obligors submit to the jurisdiction of the court in which the defendant is required to appear and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the hearing as the court prescribes may be served on the clerk of the court, who shall forthwith mail a copy to each of the obligors.

The State asserted at oral argument that Alya Chadborne was an attorney with the firm Hartmann & Pegram, which was representing Lexington at the time of the November 21, 2016 hearing. An affidavit from Lexington's Vice President asserts Lexington "did not request the assistance of attorney Alya Chadborne at any hearing including, but not limited to, the November 21, 2016 court date." The affidavit does not deny that Lexington was represented by the law firm of Hartmann & Pegram at the time of the November 21, 2016 hearing.

The November 21, 2016 docket entry stated, in its entirety:
State of Missouri present by PA Joshua Hedgecorth. Defendant appear not, nor by Counsel, Renee Murphy. Obligor, Lexington National Insurance Corp. appears in person and with Counsel, Alya Chadborne. Court takes up State's Motion for Bond Forfeiture and sustains same. The Court orders bond forfeited. It is ordered that State have judgment against the surety on the bond in the amount of $90,000.00. Cause placed on the Court's May 15, 2017 Law Day at 9:00 a.m. for status of judgment. So Ordered!

In apparent conflict with the November 21, 2016 docket entry, the November 28, 2016 judgment stated "the above named surety on the bond [Lexington] fails to appear even though notified as provided by law."

Although clerical errors in a judgment may be corrected while an appeal is pending by the issuance of an order nunc pro tunc pursuant to Rule 74.06(a), "[p]arol evidence will not support an order nunc pro tunc, and there must be a source supporting the order in the court's record or papers." Dobson v. Riedel Survey & Eng'g Co. , 973 S.W.2d 918, 921 (Mo. App. W.D. 1998) (discussing Rule 74.06(a) ). "A judge's recollection of what occurred may not serve as the basis for an order nunc pro tunc. It is not proper to amend a decree nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do." Id. (citations and quotations omitted); see also In re Marriage of McIntosh , 126 S.W.3d 407, 413 (Mo. App. S.D. 2004).

Lexington conceded at oral argument that its argument in Point III, which asserts the trial court erred in denying the Motion to Set Aside Bond Forfeiture, is contingent upon this Court finding the Judgment of Bond Forfeiture was void or irregular pursuant to Rule 74.06(b), and we agree. Lexington's Motion to Set Aside Bond Forfeiture was filed nearly seven months after the Judgment of Bond Forfeiture was entered. Therefore, the motion was not timely filed under Rule 78.04 unless the underlying Judgment of Bond Forfeiture is vacated, as Lexington seeks in Points I and II. Because we lack jurisdiction to address Lexington's arguments in Points I and II due to the lack of a final judgment, we cannot address Lexington's contingent argument in Point III.